Argued September 14, affirmed October 19, rehearing denied December 7, 1915.

## KAHN *v.* HOME TELEPHONE & TELEGRAPH CO.*

(152 Pac. 240.)

**Master and Servant—Injury to Third Person—Presumption and Burden of Proof.**

1. Where an injury to a third person occurs through the negligence of a driver regularly employed by the owner of an automobile, the jury are justified in inferring that the driver was acting within the scope of his authority, and upon the employer's business, and the employer has the burden of rebutting such evidence by showing that the real fact is otherwise.

**Appeal and Error — Review — Question of Fact — Constitutional Provision.**

2. In an action for injury to a third person, from defendant's automobile operated by its regular driver, a verdict that it was being

---

*Making *prima facie* case of responsibility for negligence of driver of automobile by proof of defendant's ownership of car or employment of driver is the subject of a note in 46 L. R. A. (N. S.) 1091.

REPORTER.

used in the employer's business cannot be disturbed in view of the Constitution as amended in 1910 by the adoption of Article VII, Section 3 (see Laws of 1911, p. 7), providing that no fact tried by a jury shall be re-examined, unless the court can affirmatively say there is no evidence to support it.

### Trial—Argument of Counsel.

3.  In an action for injury to plaintiff through the negligence of the driver regularly employed by the owner of an automobile, where the issue was whether the driver was acting in the scope of his employment, argument for plaintiff that defendant was trying to beat the plaintiff out of his just deserts and to prevent him from getting justice, that it was an outrage for defendant to say that it had not injured plaintiff, and asking the jury to put themselves in the plaintiff's place, resting upon some basis in the testimony, was not reversible error.

### Appeal and Error — Review — Argument of Counsel — Request for Charge.

4.  An argument for plaintiff that the poor needed the protection of the golden rule more than men of the class of defendant's counsel and its well-fed manager, to which objection was sustained, without request for an instruction to disregard it, will not be considered on appeal.

### Appeal and Error—Review—Exception—Argument of Counsel.

5.  Alleged improper argument of counsel, not made a part of the bill of exceptions, will not be considered on appeal.

From Multnomah: David R. Parker, Judge.

Department 1.   Statement by Mr. Justice McBride.

This is an action by J. C. Kahn against the Home Telephone & Telegraph Company, a corporation, to recover damages for personal injuries.   The testimony on behalf of plaintiff tended to show that, while attempting to board a street-car at the corner of First and Morrison Streets, in Portland, he was run against and injured by an auto truck owned by defendant and driven by defendant's chauffeur; that there were two other employees of defendant in the truck at the time, and that it also contained a quantity of wire and other material owned by defendant and used by it in the construction and operation of its lines.   The testimony for defendant was elicited principally from Brown, the chauffeur who was in charge of the truck, and Raser

and Morgan, two employees, who had been engaged that day in repairing defendant's telephone lines. Brown testified, in substance, that they had been at work at East Thirty-ninth and Belmont Streets, on the east side of the Willamette River, and a considerable distance from the place of the accident, which was on the west side; that he kept the truck at his home on the east side, and had no work or errand for the company on the west side; that upon the evening of the accident after the work was done he had an errand of his own, namely, to get a phonograph that he had left at a music store on the west side, and instead of going home came across the river to perform this errand; that he had no permission to use the truck on his own business, but that he guessed drivers generally did so if there was nothing said; that he was not in the habit of taking the truck out at any time he wished, and never took it off the premises on his own business after he had once taken it home, but that he sometimes took the workmen to dinner in it if it was handy to do so, and usually took them to the place where they could take the street-car for their homes if it was not too far out of the way; that Morgan was foreman of the work, and on the evening in question he asked witness if he was going over on the west side, and when witness said yes, Morgan got in and rode over with him; that Raser also asked permission to go, and witness took him over. Morgan and Raser both lived on the east side, and usually took the car for their homes on that side, although Morgan sometimes took the trolley on the west side. Morgan testified that he was foreman of the work and had been in charge about a week; that the crew quit work at Thirty-ninth Street at about a quarter of 6 o'clock; that he asked Mr. Brown if he

was going to town, and he said yes, and witness then asked him if he could ride with him, and Brown said all right; that Raser was inside the wagon, and also came along; that witness had some shopping to do at the butcher-shop and grocery store on the west side; that he had no company business on the west side, and that the proper way for him to have gone home from his work was to have taken a car at Hawthorne Avenue and Thirty-ninth Street, about five blocks from the place where the crew were when they ceased work for the day; that he did not come over on the west side to catch a car home; that he reported the accident to his company next morning because it was his duty to do so; that Mr. Brown had reported it, and they asked witness how it was, and he told them. Raser testified that he went over to look at a pair of shoes on the west side; that he lived at St. Johns on the east side. Upon the close of the testimony defendant moved for a directed verdict, but the motion was denied. Upon the argument counsel for plaintiff severely attacked several of defendant's witnesses, and his alleged intemperate language was objected to and is alleged here as one of the reasons why this cause should be reversed. The plaintiff had a verdict and judgment, and defendant appeals.   AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the names of *Messrs. Wood, Montague & Hunt* and *Mr. M. M. Matthiessen,* with an oral argument by *Mr. Richard W. Montague.*

For respondent there was a brief over the name of *Messrs. Davis & Farrell,* with an oral argument by *Mr. Wilfred E. Farrell.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Only two questions are presented on this appeal; the first being as to the sufficiency of the testimony to justify a verdict for plaintiff, and the second, the strictures of plaintiff's counsel during the argument.

1. It is clearly shown that the defendant was the owner of the automobile; that the driver was a person regularly employed by it to drive it, and that the accident happened through his negligence. These facts being shown, the plaintiff contended in the court below, and contends here, that a presumption arose that the driver was using the automobile in the company's business, which authorized the jury to find for the plaintiff under the rule of *respondeat superior,* notwithstanding the testimony of the defendant's witnesses that the machine was being used by them upon their private business without permission of the company. It has been frequently held by the courts that where an automobile is operated by a person employed for that purpose, it will be presumed that he is acting within the scope of his authority and about his employer's business. If he is not so operating it, this is a fact peculiarly within the knowledge of the employer, and the burden is upon him to overthrow this presumption by evidence of which the law presumes he is in possession: Huddy, Automobiles (3 ed.), § 281; *Long* v. *Nute,* 123 Mo. App. 204 (100 S. W. 511); *Moon* v. *Matthews,* 227 Pa. 488 (76 Atl. 219, 136 Am. St. Rep. 902, 29 L. R. A. (N. S.) 856); *Ludberg* v. *Barghoorn,* 73 Wash. 476 (131 Pac. 1165); *Purdy* v. *Sherman,* 74 Wash. 309 (133 Pac. 440); *Birch* v. *Abercrombie,* 74 Wash. 486 (133 Pac. 1020, 50 L. R. A. (N. S.) 59); *Langworthy* v. *Owens,* 116 Minn. 342 (133 N. W. 867). By the

terms, "raises a presumption," "will be presumed," and other similar language used in the decisions above cited, it is evident it is not meant that the circumstances of the use or possession of an automobile by an employee of the owner raises any presumption of law that the person in charge of it is using it upon the business of the master, but rather that such facts are sufficient to justify a jury in inferring that such is the case; in other words, the fact that a person is in possession of the automobile of another, and the additional fact that he is shown to have been employed by the owner to drive and care for it, taken together, form a chain of circumstantial evidence from which a jury is authorized to infer the further fact that the employee is using the machine upon the employer's business. This being the case, the owner is called upon to rebut the evidence of these circumstances by showing, by testimony satisfactory to the jury, that the real fact is otherwise; that notwithstanding the testimony introduced by plaintiff presents those circumstances which usually justify the inference that the machine is being used for his business and by his authority, the actual fact is that the employee is not so using the machine, but is taking it in connection with his own business and in performance of errands not connected with his employment.   The inference to be drawn from the facts shown by the testimony adduced on behalf of plaintiff is similar in principle and effect to that arising from evidence of the recent possession of stolen property, which it is said presents an evidential fact to be considered by the jury with other facts shown in the case in determining the guilt or innocence of the accused: *State* v. *Pomeroy,* 30 Or. 16 (46 Pac. 797).

2. We are of the opinion that the testimony introduced by plaintiff tended circumstantially to prove

that the automobile was being used by defendant's employee upon defendant's business. This being the case, the relative weight of the testimony introduced by the defendant to explain away these circumstances was a matter solely for the jury. It is observed by Mr. Justice STRAHAN, in *State* v. *Jones,* 18 Or. 261 (22 Pac. 842):

"As soon as enough is shown to require the defendant to enter upon his defense, and to introduce evidence, it is the province of the jury to weigh the evidence, and pass upon the credibility of the witnesses."

This appears to have been the view taken by many courts, even in jurisdictions where the power of the court to consider the relative weight of testimony is not so restricted as it has been, since the Constitution was amended in 1910 by the adoption of Article VII, Section 3. Thus, in *Langworthy* v. *Owens,* 116 Minn. 342 (133 N. W. 867), the court, referring to similar testimony in a case resembling the one at bar, says:

"There was direct evidence tending to establish the claim that Rogers was not the agent; but upon examination of the whole evidence we are of the opinion that it was not conclusive as a matter of law, and that the cause should have been submitted to the jury."

In *Purdy* v. *Sherman,* 74 Wash. 309 (133 Pac. 440), Mr. Justice CHADWICK says:

"The evidence offered by defendant might have sustained a verdict in his favor, but under repeated decisions of this court the jury was not bound to believe such testimony; the ownership of the automobile being admitted to be in the defendant: * * *Knust* v. *Bullock,* 59 Wash. 141 (109 Pac. 329); *Kneff* v. *Sanford,* 63 Wash. 503 (115 Pac. 1040); *Burger* v. *Taxicab Motor Co.,* 66 Wash. 676 (120 Pac. 519). Whether the *prima facie* case made by the respondent was overcome was

a question for the jury, and it has decided that it was not.''

And in the case of *Knust* v. *Bullock,* 59 Wash. 141 (109 Pac. 329), Mr. Justice Mount says:

''In cases of this kind, where it is shown that the wagon and team doing damage belonged to the defendants at the time of the injury, that fact establishes *prima facie* that the wagon and team were in possession of the owner, and that whoever was driving it was doing so for the owner: *Edgeworth* v. *Wood,* 58 N. J. Law, 463 (33 Atl. 940); *Schulte* v. *Holliday,* 54 Mich. 73 (19 N. W. 752); *Norris* v. *Kohler,* 41 N. Y. 42; *Seaman* v. *Koehler,* 122 N. Y. 646 (25 N. E. 353). This being the rule, it is plain that the plaintiff made a case for the jury, and that the court did not err in refusing to direct a verdict in favor of the defendants.''

To the same effect see *Geiselman* v. *Schmidt,* 106 Md. 580 (68 Atl. 202); *Baldwin* v. *Abraham,* 57 App. Div. 67 (67 N. Y. Supp. 1079). Whatever may be the rule in those jurisdictions where courts are permitted to set aside verdicts deemed contrary to the weight of evidence, we consider ourselves precluded from doing so by that clause in Article VII, Section 3, of our amended Constitution, which provides:

''No fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict.''

3, 4. The second point presented by defendant's counsel relates to the argument of counsel for plaintiff before the jury. The objectionable remarks as shown by the bill of exceptions are as follows:

''Their only object is to keep from paying this man what he is entitled to. They go out and pick up the best lawyers they can get to try to keep this man from getting justice. I say they did maim him, and I say it

is a shame and an outrage for them to come here and try to say they didn't, and you, gentlemen, all I ask you to do is to put yourself in that man's place, if you can, sitting here for a part of three days, like this man, and going to a sick-bed like he did, put yourself in his place; that is all I ask you to do.   You are not here representing the Home Telephone Company, and you are not here representing this man, and you are not here to be biased or prejudiced in any way.   Take all the facts and surrounding circumstances, and the way they come in here and twist and try to distort this case, and see what chance you would have at the hands of these people.   That is all I ask you to do.   Do unto this man as you would be done by.   That is the theory we should go on in this world if we expect to find happiness.   It is all right for Mr. Montague to try to beat this man out of his·just deserts if he can.''

To these statements defendant objected on the ground that they were prejudicial, improper and misconduct.   To the overruling of this objection defendant excepted, and an exception was allowed by the court.

''You can say what you want to about the case not being cooked up, but I am going to say that it is cooked up, whether Mr. Montague likes it or not.   How ridiculous it was that every man there had an errand on this side of the river, to keep from being in the employ of the company, a man living out at St. Johns, ordinarily takes an hour to go home, and he comes clear over on this side of the river because it was handier for him to take a car and sit down and let some poor working man stand up; that is the size of it.   I know these fellows.   A man who will come in and testify against his fellow-citizen like that, I say is devoid of principle.

''Mr. Montague: I object to these remarks, your Honor.

''The Court: Yes, that is incompetent.

''Mr. Davis: I am saying this man came over here because it was handier for him to take a car over there.

"The Court: There is no objection to that.

"Mr. Montague: That is not what I objected to.

"The Court: Go ahead.

"A. If I have been unfair in this thing I want to apologize to you gentlemen and to the court, and if I have been unfair in a righteous cause, and when I look over the slick, well-fed manager of the company, Mr. Middleton, I am wondering if he will ever be called on to come into the court and get what is his right and just dues. I am not religious, I am not a member of any church, but I did receive a few instructions as a boy, and as I grew older—it may be because my mother was religious—I have always tried to follow the golden rule, and I am going to repeat it, not for Mr. Montague's benefit, because I think he is familiar with it, 'Whatsoever you would that men should do unto you, do you also unto them.' That is Christ's golden rule; that is not the lawyer's golden rule, but that is Christ's golden rule, and he says he was sent on earth to preach the gospel to the poor. They were the ones that needed his protection, not Mr. Montague or Mr. Middleton, or that class of people; they don't need it; that is just exactly the situation."

To these remarks the defendant objected on the ground that they were an appeal to class prejudice, and this objection was sustained by the court. While the remarks covered by the first objection of counsel for defendant were vehement and, perhaps, unnecessarily severe, we cannot say as a matter of law that there was not some basis for them in the testimony. At all events they did not go beyond the very common measure of denunciation indulged in by attorneys in the heat of argument. The objection to the remarks embraced in the second exception on this subject was sustained by the court, and there the matter rested; counsel for defendant taking no exception to the ruling of the court and not asking the court to direct the jury to disregard the remarks to which they objected.

5. Further remarks of counsel for plaintiff along the same line appear in the transcript of testimony, but, not being made part of the bill of exceptions, will not be considered here.

While it must be conceded that the testimony introduced by defendant was strong and, in the judgment of the writer, tended greatly to discredit plaintiff's theory of the case, we feel ourselves precluded by the law from disturbing the finding of a jury upon testimony the value and effect of which it was their exclusive province to determine.

The judgment is affirmed.

           Affirmed.    Rehearing Denied.

Mr. Chief Justice Moore, Mr. Justice Burnett and Mr. Justice Benson concur.