Argued January 31, affirmed March 12, rehearing denied April 9, 1918.

# ¡WEST v. KERN.*

(171 Pac. 413, 1050.)

Master and Servant—Third Person's Injury—Automobile Accident—Presumption.

1. Where plaintiff proves that the vehicle which caused his injury belonged to defendant, he makes a *prima facie* case, since the jury may infer that the driver was defendant's servant and that the vehicle was being used for defendant's purposes.

[As to liability of owner of automobile for act of driver other than his servant or child, see note in Ann. Cas. 1916A, 668.]

Appeal and Error—Scope of Review—Findings of Fact.

2. The decision on a question of fact by the jury, submitted upon sufficient evidence, is final, and cannot be disturbed on appeal.

## ON PETITION FOR REHEARING.

Master and Servant—Municipal Corporations—Injuries Sustained in Automobile Collision—Burden of Proof.

`3. Plaintiff suing for damages for injury sustained in a collision with an automobile has the burden of proving that it was negligently operated, and that defendant is responsible for the acts of the driver; and, unless he makes out a *prima facie* case on such propositions, he is not entitled to go to the jury.

Master and Servant—Use of Automobile for Master's Purposes—Presumption.

4. Proof that defendant is the owner of the automobile which collided with plaintiff creates a presumption from which the jury may infer that it was being used at the time of the accident for defendant's purposes, and that the driver was defendant's agent.

Evidence—Burden of Proof—Purpose of Rule.

5. The rules of law as to the burden of proof are aimed at establishing the material facts in the most convenient way, and in the administration of justice it is often wise to place the ultimate burden of proof on the party best able to bear it.

Master and Servant—Injuries to Third Person—Negligence—Burden of Proof.

6. On plaintiff's proof of negligence and that the defendant owns the car which collided with him, the burden of proof shifts, as the

*The question of making *prima facie* case of responsibility for negligence of driver of automobile by proof of defendant's ownership of car or employment of driver is discussed in note in 46 L. R. A. (N. S.) 1091.

On the question of liability of automobile owner for negligence of chauffeur furnished by third person, see notes in 39 L. R. A. (N. S.) 933; 48 L. R. A. (N. S.) 424.          REPORTER.

defendant is best able to show that the car was driven by a stranger or on an errand having no connection with defendant's business, if that be the fact.

From Multnomah: Harry H. Belt, Judge.

Department 1.

The defendant Daniel Kern has appealed from a judgment obtained against him by the plaintiff Clarence W. West for injuries resulting from a collison with an automobile in the City of Portland. Lawrence R. Kern is a nephew of Daniel Kern. Fidelo Lopez worked as gardener and "all-around man around the house" of Daniel Kern who resided on the east side of the Willamette River. East Burnside Street extends east and west. East Twenty-second Street runs north and south and intersects East Burnside Street. The plaintiff was riding a motorcycle going west along the north side of East Burnside Street, intending to proceed across and beyond East Twenty-second Street. Lawrence R. Kern and Fidelo Lopez, with Lopez at the wheel, were traveling east along the south side of East Burnside Street in an automobile owned by Daniel Kern, intending to turn to the left and go north on East Twenty-second Street. Instead of passing around the center of the intersection of the two streets the driver of the automobile "cut the corner" and struck and seriously injured the plaintiff who was proceeding west on the motorcycle.

The complaint alleges that

"said automobile was with the consent and knowledge and direction of said defendant being operated by certain agents and employees of said defendant who were then and there driving said automobile in behalf of said defendant and within the scope of their employment and authority for said defendant."

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wilbur, Spencer & Beckett* and *Mr. F. C. Howell,* with an oral argument by *Mr. Ralph W. Wilbur.*

For respondent there was a brief over the name of *Messrs. Malarkey, Seabrook & Dibble,* with oral arguments by *Mr. Dan J. Malarkey* and *Mr. Arthur M. Dibble.*

HARRIS, J.—The only error assigned by the defendant arises out of the refusal of the court to direct a verdict in favor of the defendant. This assignment of error is predicated upon the contention that there was no evidence to show that Lawrence R. Kern was an agent of Daniel Kern; that, although Lopez was employed as a gardener and "an all-around man around the house," he was acting beyond the scope of his employment when driving the automobile; and that therefore there was no evidence upon which the jury could find that the automobile was being driven by a servant or servants of the defendant while acting within the scope of their employment. The plaintiff argues that the motion for a directed verdict was properly denied for two reasons: first, because the admission by the defendant that he owned the automobile was *prima facie* evidence that the car was being driven for him and by his servant or servants; and, second, because, independent of the admission of ownership, there was evidence to support a finding that the automobile was being driven for the defendant by his servant or servants.

Daniel Kern admitted that he owned the automobile which struck the plaintiff; he denied that Lawrence R.

Kern was his agent; and, while admitting that Lopez was his servant, he denied that Lopez had any duties to perform in connection with the automobile. The defendant says in his brief that the court permitted the case to go to the jury upon the theory that a *prima facie* case had been made out by his admission that he owned the automobile, plus the fact that the driver was his employee. The defendant takes the position that

"If a *prima facie* case is ever established in such an action as this, two facts must concur: (1) The ownership of the automobile by the defendant; (2) that it was operated by an employee whose duty it was to drive the car and care for it; in other words, he must be the regularly employed and acting chauffeur."

The rule contended for by the defendant is the doctrine of some jurisdictions: *White Oak Coal Co.* v. *Rivoux,* 88 Ohio St. 18 (102 N. E. 302, Ann. Cas. 1914C, 1082, 46 L. R. A. (N. S.) 1091); *Trombley* v. *Stevens-Duryea Co.,* 206 Mass. 516 (92 N. E. 764, 2 N. C. C. A. 806); *Lotz* v. *Hanlon,* 217 Pa. St. 339 (66 Atl. 525, 118 Am. St. Rep. 922, 10 Ann. Cas. 731, 10 L. R. A. (N. S.) 202); Berry on Automobiles, (2 ed.), § 617, p. 700; Babbitt on Motor Vehicles, § 559; Huddy on Automobiles (3 ed.), §§ 281, 283. Other jurisdictions have adopted a more liberal rule.

In *Joyce* v. *Capel,* 8 Car. & P. 370, the plaintiff averred that he was in possession of a lug-boat and that the barque of the defendants, navigated by their servant, was, by his negligence, run against the lug-boat. A witness, who was on board the lug-boat, stated that he saw the name of Capel on the barge, and the No. 1055; but that when the men in the employ of the defendants were shown to him at their wharf, he could not identify the bargeman who steered the barge. It was proved that the No. 1055 was the number belong-

ing to the barge of the defendants. For the defendants it was urged that it had not been shown that the barge was navigated by the defendants' servant at the time and that the barge might have been taken by some one else or that it might have been on hire. But it was ruled by Lord DENMAN that:

"If the barge was on hire that will be for the defendants to show. The barge being the barge of the defendants, there is *prima facie* evidence that the bargeman was their servant till they explain it."

In 1 Shearman & Redfield on Negligence (6 ed.), Section 158, the authors say that:

"When the plaintiff has suffered injury from the negligent management of a vehicle, such as a boat, car or carriage, it is sufficient *prima facie* evidence that the negligence was imputable to the defendant, to show that he was the owner of the thing, without proving affirmatively that the person in charge was the defendant's servant. It lies with the defendant to show that the person in charge was not his servant, leaving him to show, if he can, that the property was not under his control at the time, and that the accident was occasioned by the fault of a stranger, an independent contractor, or other person, for whose negligence the owner would not be answerable."

The excerpt taken from Shearman & Redfield on Negligence is quoted with approval in *Houston* v. *Keats Auto Co.*, 85 Or. 125, 129 (166 Pac. 531).

In *Vonderhorst Brewing Co.* v. *Amrhine*, 98 Md. 406 (56 Atl. 833), there was evidence showing that the wagon which collided with the plaintiff was owned by the Vonderhorst Brewing Company, and there was also evidence that the wagon which ran into plaintiff's team had on it the name of the Vonderhorst Brewing Company. It was held that these facts were sufficient to justify the jury in concluding that the driver of the

wagon was the agent of the owner of the wagon. The court there says:

"It is a reasonable presumption that a person driving the team of another is the agent or servant of the owner of the team, unless it be shown by the owner of the team that the contrary is the fact."

In *Geiselman* v. *Schmidt,* 106 Md. 580, 586 (68 Atl. 202), the plaintiff offered evidence tending to prove that the horse and wagon driven against the plaintiff belonged to the defendant and the court ruled that:

"The jury might reasonably conclude that the driver was his agent."

In *Norris* v. *Kohler,* 41 N. Y. 42, it appeared that William H. Norris, who was killed while standing on the sidewalk peddling vegetables, was struck by the pole of a wagon to which a span of runaway horses were attached. The runaway team was proved to be owned by the defendant; and the name of the defendant was on the rear of the wagon. It was urged on appeal that it had not been shown that the person driving the team was in the service of the defendant. The court disposed of the objection thus:

"On the second point, whether the driver of the wagon was the servant of the defendant, the evidence consisted, first, of the fact of ownership. The property being proved to belong to the defendant, it is urged that a presumption arises that it was in use for his benefit, and on his own account. This argument, I think, is a sound one. The ownership of the personal property draws to it the possession. The owner is entitled to have and keep possession, and no other person can justly obtain possession until some act of authority from the owner is proved. Ownership implies possession, and possession is in subordination to title. No proof was given in the present case, separating the ownership from the possession and the presumption of

law is, that the wagon and horses of the defendant were in use in his service, and on his account."

In *Edgeworth* v. *Wood,* 58 N. J. Law 463 (33 Atl. 940, 942), the plaintiff was injured by being run over in the public street by a wagon drawn by two horses and there was evidence to show that the United States Express Company was the owner. The court held that proof of ownership

"is sufficient to establish *prima facie* that the wagon, being owned by the company, was in its possession, and that whoever was driving it was doing so for the company."

In *Knust* v. *Bullock,* 59 Wash. 141, 143 (109 Pac. 329), the court says:

"In cases of this kind, where it is shown that the wagon and team doing damage belonged to the defendants at the time of the injury, that fact establishes *prima facie* that the wagon and team were in possession of the owner, and that whoever was driving it was doing so for the owner."

To the same effect are: *Purdy* v. *Sherman,* 74 Wash. 309 (133 Pac. 440); *Birch* v. *Abercrombie,* 74 Wash. 486, 489 (133 Pac. 1020, 50 L. R. A. (N. S.) 59).

1. While there was evidence in *Kahn* v. *Home Tel. & Tel. Co.,* 78 Or. 308 (152 Pac. 240), and in *Houston* v. *Keats Auto Co.,* 85 Or. 125 (166 Pac. 531), tending to show that the driver of the offending automobile was an agent having duties in connection with the car, nevertheless these two cases, and particularly the latter, when read in the light of the authorities cited in the respective opinions, plainly incline towards the doctrine that proof of ownership is *prima facie* evidence that the negligence was imputable to the defendant without proving affirmatively that the person in charge was the defendant's servant. Indeed, the

opinon in *Houston* v. *Keats Auto Co., supra,* may be regarded as a precedent supporting the contention of the plaintiff here, for this court, speaking through Mr. Justice McCAMANT, expressly stated that

"the admission of ownership made by the defendants in the case at bar was therefore sufficient to make out a *prima facie* case on the controverted questions."

This rule proceeds on the theory that the facts are peculiarly within the knowledge of the defendant and that he can easily furnish the necessary evidence to show that the vehicle was not being used for him, if such is the fact. If it be said that this rule occasionally imposes a hardship upon a defendant, the answer is that a less liberal rule would more frequently result in hardship to a plaintiff. We adhere to the doctrine towards which the opinion in *Kahn* v. *Home Tel. & Tel. Co.,* 78 Or. 308 (152 Pac. 240), inclines and for which the opinion in *Houston* v. *Keats Auto Co.,* 85 Or. 125 (166 Pac. 531), pronounces, and we hold that proof of ownership makes a *prima facie* case against the owner.

This conclusion, it is true, does not entirely harmonize with the disposition made of the case of *Smith* v. *Burns,* 71 Or. 133 (135 Pac. 200, 142 Pac. 352, Ann. Cas. 1916A, 666). A verdict was returned against both Burns, the owner, and Gossman the driver of the automobile and on appeal the judgment against Burns was annulled. If the fact that Burns owned the car made a *prima facie* case of liability against him then there was some legal evidence to support the verdict and the court was powerless to set it aside: *Sullivan* v. *Wakefield,* 65 Or. 528, 535 (133 Pac. 641); and hence the fact that the court did set aside the verdict would imply that proof of ownership does not make a *prima facie* case if it be assumed that the rule announced in *Sullivan* v. *Wakefield,* was kept in mind. The only question dis-

cussed in *Smith* v. *Burns* was whether the court should have directed a verdict for Burns; and the decision of that question turned on the fact that "Gossman was not running the machine for the purpose for which Burns owned and kept it, but solely for his own private purpose, without the knowledge or direction of Burns." The owner was, of course, exempt from liability if Gossman was running the car "solely for his own private purpose without the knowledge or direction of Burns." In *Smith* v. *Burns,* it was decided that the evidence showed that Gossman had the car for his own use without the knowledge or direction of its owner and on that fact it was held that Burns was not liable. The question of whether or not proof of the ownership of the offending automobile made a *prima facie* case of liability was not discussed in the opinion; nor, assuming that proof of ownership made a *prima facie* case, was any notice taken of the question of whether or not the court can under the present form of our Constitution grant a nonsuit, or direct or set aside a verdict when the court thinks that the evidence overcomes the *prima facie* case made by mere proof of ownership. The precedents principally relied upon in *Smith* v. *Burns* are taken from the State of Washington; but it must be remembered that while the courts of that state recognize the rule that proof. of ownership makes a *prima facie* case of liability they also exercise the power, which the courts of Oregon once possessed, of setting aside a verdict when it is against the clear weight of the evidence: *Serles* v. *Serles,* 35 Or. 289 (57 Pac. 634) ; *Ludberg* v. *Barghoorn,* 73 Wash. 476 (131 Pac. 1165). While the court did not in *Smith* v. *Burns,* squarely decide that proof of ownership does or does not make a *prima facie* case against the owner of the automobile yet in the final analysis if such proof does

make a *prima facie* case it would furnish some evidence of liability and the court would therefore be precluded from re-examining the fact tried and determined by the jury. Although *Smith* v. *Burns* and the instant case cannot be completely harmonized when the former case is analyzed in the light of the rule established in *Sullivan* v. *Wakefield*, yet we do not regard *Smith* v. *Burns* as a precedent holding that proof of ownership does not make a *prima facie* case of liability, for the reason that the question is not discussed or even noticed in the opinion.

2. However, the *prima facie* case which is made out from the admission of ownership, is, in the instant case, supplemented by other evidence. While the evidence was circumstantial, nevertheless there was evidence from which the jury could conclude that the automobile was being driven by agents of the defendant acting within their authority. A complete statement of all the evidence would not serve any good purpose. It is sufficient to say that we have carefully examined the entire transcript of the testimony and find that there are many facts which when construed together and with relation to each other form a chain of circumstances tending to show that the persons were driving the car in behalf of defendant and within the scope of their authority. The court told the jury in the plainest language that the plaintiff could not recover unless he proved that the automobile was being driven with the consent and knowledge of the defendant and by his agent or agents acting within the scope of their employment. The verdict is irrefutable evidence that the jury found that the car was being driven by agents of the defendant while acting within the scope of their authority. It is not for us to say whether we think the evidence preponderates for or against the defendant.

The decision of that question was for the jury and by their verdict they have decided the question against the defendant.  We cannot affirmatively say that there was no evidence to support the verdict and the verdict of the jury is therefore a finality: *Sullivan* v. *Wakefield,* 65 Or. 528, 535 (133 Pac. 641); *Kahn* v. *Home Tel. & Tel. Co.,* 78 Or. 308 (152 Pac. 240).  The judgment is affirmed.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE MCCAMANT concur.

---

Denied April 9, 1918.

PETITION FOR REHEARING.

(171 Pac. 1050.)

*Messrs. Wilbur, Spencer & Beckett* and *Mr. F. C. Howell,* for the petition.

*Messrs. Malarkey, Seabrook & Dibble, contra.*

Department 1.

McCAMANT, J.—Defendant's petition for a rehearing is directed chiefly to so much of the opinion of the court as holds that ownership of the car is sufficient to make out a *prima facie* case as to the responsibility of the owner for the acts of the driver of the car.

3, 4. The opinion of Mr. Justice HARRIS is in entire harmony with that of Mr. Justice BEAN in *Dalrymple* v. *Covey Motor Car Co.,* 66 Or. 533, 541 (135 Pac. 91, 48 L. R. A. (N. S.) 424), on which defendant relies.  In every case where a plaintiff sues to recover damages for injuries sustained in a collision with an auto-

mobile, the burden devolves on plaintiff to prove that the automobile was negligently operated and that the defendant is responsible for the acts of the driver. Unless he makes out a *prima facie* case on these propositions, he is not entitled to go to the jury. The foregoing are the ultimate questions to be determined, but proof that defendant is the owner of the automobile creates a presumption from which the jury may infer that the automobile at the time of the accident was being used for the defendant's purposes and that the driver was the defendant's agent. The opinion of Mr. Justice BEAN in *Dalrymple* v. *Covey Motor Car Co.*, 66 Or. 533, 541 (135 Pac. 91, 48 L. R. A. (N. S.) 424), logically supports the conclusions of Mr. Justice HARRIS. It is held in the Dalrymple case that proof of ownership of the automobile is helpful in determining the ultimate question of responsibility for the acts of the driver. That only is helpful in determining an issue of fact which is evidence in support of the contention of one or the other of the parties. If plaintiff in the instant case offered any evidence tending to show the responsibility of the defendant for the acts of Lopez and Lawrence R. Kern, he was entitled to go to the jury on this question.

5. An automobile is a valuable piece of personal property. It is ordinarily driven by the owner or his agent. Proof of ownership therefore logically tends to prove responsibility of the owner for the acts of the party in charge. If, as is suggested in the petition, the automobile is stolen while the owner is away from home, the owner is able to prove this fact. The rules of law on the subject of the burden of proof have for their purpose the establishment of the material facts in the most convenient way. In the administration

of justice it is often wise to place the ultimate burden of proof on the party best able to sustain it.

Where goods are intrusted to a carrier in good condition and delivered by it in bad condition, the burden is on the carrier to show that the injury was caused by some force or agency for which the carrier is not responsible: *Wells* v. *Great Northern R. Co.*, 59 Or. 165, 174 (114 Pac. 92, 116 Pac. 1070, 34 L. R. A. (N. S.) 818). Where a debtor transfers his property to a near relative to the disadvantage of his creditors, the burden devolves on the grantee to show that the transfer was made in good faith and for a valuable consideration: *Marks* v. *Crow*, 14 Or. 382, 395, 396 (13 Pac. 55); *Mendenhall* v. *Elwert*, 36 Or. 375, 384 (52 Pac. 22, 59 Pac. 805); *Wright* v. *Craig*, 40 Or. 191, 195 (66 Pac. 807). Proof that defendant owns a railroad creates a presumption that defendant is operating the railroad: *Peabody* v. *Oregon Ry. & Nav. Co.*, 21 Or. 121, 134 (26 Pac. 1053, 12 L. R. A. 823). In all these cases the party most familiar with the facts and best able to furnish the evidence is charged ultimately with the burden of proof.

A citizen who is injured by an automobile negligently operated is usually uninformed as to the party operating the car. If, in maintaining the burden of proof as to the owner's responsibility, he were denied the benefit of the presumption arising from the ownership of the car, in many cases he would fail although under the facts entitled to prevail.

It is usually possible for the party injured to prove the ownership of the car by which he is injured. The car is required to carry a conspicuous number plate: Laws of 1917, p. 264. By the aid of this number the ownership of the car may be determined from the public records: Laws of 1917, pp. 261, 262.

6. If it be held that on proof of negligence and proof that defendant owns the car the burden of proof shifts, the right of a plaintiff with a meritorious case is protected.

On the other hand, the defendant is well able to show that the car was driven by a stranger or on an errand having no connection with defendant's business if such be the fact. The rule announced in the former opinion therefore tends to the convenient ascertainment of all the facts material on the question of liability.

It is true, as contended by defendant, that juries are often influenced by sympathy for a plaintiff who has sustained a personal injury and that they do not always weigh evidence discriminatingly in personal injury cases. The remedy for this situation is to be found in a better appreciation by jurors of the obligations of their oath and of the importance of their functions. The rules of law cannot be based on the assumption that jurors will disregard their duty.

In the respects above noted and in the other respects in which it is attacked we are satisfied of the soundness of the former opinion, and it is adhered to.

REHEARING DENIED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.