Argued October 17; affirmed December 16, 1930; argued on
rehearing February 17; reversed April 14, 1931.

# JUDSON *v.* BEE HIVE AUTO SERVICE CO.

(294 P. 588, 297 P. 1050, 74 A. L. R. 944)

2

*P. J. Gallagher* and *J. F. Conway,* both of Portland, for appellant.

*Frank S. Senn,* of Portland (Senn & Recken, of Portland, on the brief), for respondent.

BELT, J.  This is an action to recover damages for personal injuries sustained in an automobile collision alleged to have been caused by the negligence of the defendant.  It is admitted that defendant was the owner of the automobile driven by C. M. Mills at the time of the accident and that Mills was driving it with the owner's knowledge and consent. There was evidence tending to show that the alleged negligence of the driver of the automobile owned by defendant was the proximate cause of plaintiff's injuries. Defendant, in its answer, denied the charge of negligence and alleged as affirmative defenses: (1) Contributory negligence; and (2) that defendant had leased the automobile to Mills and that he was using the same for his own use and benefit.

Verdict and judgment were had for the plaintiff. Defendant appeals, asserting that it was entitled to a directed verdict.

The sole question involved is whether or not proof of ownership of the automobile, together with the

further fact that it was being driven with the knowledge and consent of the defendant, constitutes a prima facie case, or one that is sufficient to go to the jury. This court, in a long line of decisions, has answered such question in the affirmative: *Kahn v. Home Telephone & Telegraph Co.*, 78 Or. 308 (152 P. 240); *Houston v. Keats Auto Co.*, 85 Or. 125 (166 P. 531); *West v. Kern*, 88 Or. 247 (171 P. 413, 1050, L. R. A. 1918D, 920); *Doherty v. Hazelwood Co.*, 90 Or. 475 (175 P. 849, 177 P. 432); *Sather v. Giaconi*, 110 Or. 433 (220 P. 740). It is clear that from such facts a presumption arose that the automobile was driven by the agent of the defendant and that he was acting within the scope of his employment. Such presumption, under the statute, is evidence. Or. L., § 793, provides that indirect evidence is of two kinds: (1) inferences; and (2) presumptions. Or. L., § 797, provides:

"A presumption * * * may be overcome by other evidence, direct or indirect; but unless so overcome, the jury are bound to find according to the presumption."

■ Whether this disputable presumption was overcome by evidence of the defendant was a question of fact for the jury to determine. It is not for this court to weigh conflicting evidence. Particularly is this true in view of art. VII, section 3c of the Constitution of the State of Oregon, which provides:

"* * * no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict."

■ It was the duty of the court to instruct the jury, in accordance with Or. L., § 868, subd. 2, "That they are not bound to find in conformity with the declarations of any number of witnesses, which do not produce

conviction in their minds, against a less number, or against a presumption or other evidence satisfying their minds.''

*Sather v. Giaconi,* supra, is particularly in point and is adverse to every contention made by appellant. In that case Justice BURNETT, speaking for the court, said:

''The principle is thoroughly established in this state that if it is shown by any evidence that the instrumentality which caused injury was the property of the defendant, albeit some other person was operating it, the presumption is that such person was agent, servant or employee of the defendant and that a situation thus disclosed is sufficient to take the case to the jury on behalf of the plaintiff, notwithstanding the defendant on his part may give strong testimony to the effect that the instrumentality was not under his control but was under lease or was operated entirely without his authority.''

We see no need to make an extended restatement of the law.

The judgment of the circuit court is affirmed.

KELLY, BEAN and BROWN, JJ., concur.

---

Former opinion and judgment of circuit court reversed on rehearing
April 14, 1931

ON REHEARING
(297 P. 1050)

BELT, J. This is an action to recover damages for personal injuries sustained in an automobile collision. On original hearing, this court affirmed a judgment in favor of plaintiff for $10,000. Defendant urges that error was committed in holding that there was evidence

to support the verdict. Believing that pride of opinion should not preclude correction of error, we will again give careful consideration to this case, thus following the admonition of an ancient law giver: "If today thou seest fit to judge differently from yesterday, do not hesitate to follow the truth as thou seest it; for truth is eternal, and it is better to return to the true than to persist in the false."

■ It is admitted that the automobile driven by Charles N. Mills was owned by the defendant and that it was used with his knowledge and consent. It is the theory of the plaintiff that, at the time of the accident, Mills was operating the automobile as agent or servant of the defendant and for its benefit. Defendant denied that Mills was its agent or servant and alleged affirmatively that the automobile was being driven under contract of lease and for Mills' own use and benefit. The sole question involved on appeal is whether the court was warranted in submitting to the jury the issue of agency. It was, of course, incumbent upon plaintiff to establish by the greater weight of the evidence that Mills, in driving the automobile, was an agent of the defendant and was acting for the latter's benefit. If, in fact, Mills had rented the car, as alleged by the defendant, it is conceded there could be no recovery in this action. Plaintiff says, in effect, that whether Mills was an agent or a bailee was a matter for the determination of the jury. Defendant contends that, in the light of the record, it was for the court to declare, as a matter of law, that Mills was a bailee.

■ While the authorities are conflicting elsewhere, this court is committed to the rule that, in such cases, proof of ownership alone constitutes a prima facie case of agency. True, in *Kahn v. Home Telephone and Tele-*

*graph Co.,* 78 Or. 308 (152 P. 240), it was held that a prima facie case of agency must be based upon something in addition to proof of ownership. In that case, Justice McBride, speaking for the court, said:

"* * * the fact that a person is in possession of the automobile of another, and the additional fact that he is shown to have been employed by the owner to drive and care for it, taken together, form a chain of circumstantial evidence from which a jury is authorized to infer the further fact that the employee is using the machine upon the employer's business."

However, in *Houston v. Keats Auto Co.,* 85 Or. 125 (166 P. 531), it was held:

"Where plaintiff proves that the vehicle which caused the damage belonged to the defendant, the jury is entitled to infer that the driver was defendant's servant and that the vehicle was being used for defendant's purposes." Citing to the same effect Shearman & Redfield on Negligence (6th Ed.), § 158.

In *West v. Kern,* 88 Or. 247 (171 P. 413, 1050 L. R. A. 1918D, 920), Justice Harris, after an exhaustive review of the authorities, concluded:

"We adhere to the doctrine towards which the opinion in *Kahn v. Home Tel. & Tel. Co.,* 78 Or. 308 [152 P. 240] inclines and for which the opinion in *Houston v. Keats Auto Co.* [85 Or. 125, 166 P. 531], pronounces, and we hold that proof of ownership makes a prima facie case against the owner."

The above statement of the law was quoted with approval in *Doherty v. Hazelwood Co.,* 90 Or. 475 (175 P. 849, 177 P. 432). Also see *Sather v. Giaconi,* 110 Or. 433 (220 P. 740). That the rule thus announced is in keeping with the weight of authority, see exhaustive note in 42 A. L. R. 900, wherein numerous cases are collated under title, "Prima facie case from proof

of ownership alone.'' Also see authorities listed in A. L. R. Blue Book of Supplemental Decisions (1929), p. 529.

■■ It is argued that, if proof of ownership alone be considered sufficient to make out a prima facie case one must presume (1) that the operator was the agent of the owner, and (2) that the agent was acting within the scope of his employment. It is insisted that such cannot be done for the reason that an inference cannot be based upon an inference. This contention, in our opinion, is untenable, although there is authority to support it, because it involves the splitting of one inference into two. Ownership implies the right of possession and control. It is a statutory presumption (§ 9-807, subd. 12, Oregon Code 1930) ''that a person is the owner of property from exercising acts of ownership over it  *  *  *.'' We think, therefore, that when a person is found in possession of a car and is operating it, it is not an unreasonable deduction that he is the agent of the owner and is using the automobile for the latter's benefit. Experience teaches that when automobiles are involved in accidents they are ordinarily being operated by the owner or by someone for whose negligence he will be responsible.

■■ This doctrine of respondeat superior is just and wholesome. An automobile is potentially a dangerous instrument as evidenced by the appalling number of accidents in recent years. In these days of ''hit and run'' drivers the party injured does well to prove the ownership of the automobile, aside from any question of establishing the fact that the driver was acting within the scope of his agency. Ordinarily plaintiff is not in a position to prove those things which are peculiarly within the knowledge of the owner. Most courts

consider it just and reasonable to require that defendant go forward with the evidence and rebut the inference of agency by showing that, in truth and in fact, he is in no manner responsible for the acts of the driver. This does not mean that the burden of proof relative to the question of agency is to be shifted from the plaintiff to the defendant. The burden of proof never shifts from the party who has the affirmative of an issue, but the burden of proceeding with the evidence sometimes does. The law, in effect, says to the owner: ''If you do nothing to explain your relationship to the driver of the automobile, the jury may infer that he was acting in your behalf.''

■ In the light of the authorities, plaintiff established a prima facie case of agency. The trial court was right in denying the motion for nonsuit. At this stage of the trial a reasonable inference could be drawn from the fact of ownership that Mills was the agent of defendant and was using the car for his benefit. The defendant, to rebut the charge of agency, introduced evidence to show that for several years it had been engaged in the business of renting ''drive yourself'' cars in the city of Portland; that Mills had never been in its employ; and that, at the time of the accident, the automobile was rented to him. A written contract showing the rental of the car by defendant to Mills was received in evidence. Mills admitted its execution. There was no contradiction of this evidence concerning the rental of the automobile; hence it follows that the inference arising from mere ownership no longer obtained.

■ Plaintiff asserts that an ''inference'' or ''presumption'' is evidence under the statute of this state and that its weight as against that of the defendant is a matter exclusively within the province of the

jury to determine. In other words, plaintiff, in effect, says: "It matters not that the evidence introduced on behalf of the defendant is clear, strong, and uncontradicted. I may still rely on this 'inference' or 'presumption' as evidence affording a basis for submission of the cause to the jury."

Section 9-801, Oregon Code 1930, provides that:
"Indirect evidence is of two kinds:—
"1. Inferences; and
"2. Presumption."

In the following section of the statute an inference is defined as "a deduction which the reason of the jury makes from the facts proved, without an express direction of law to that effect." In the next section, a presumption is thus defined: "A presumption is a deduction which the law expressly directs to be made from particular facts." Under the statute there are conclusive presumptions and disputable presumptions. Section 9-805 of the Code provides that:

"A presumption, unless declared by law to be conclusive, may be overcome by other evidence, direct or indirect; but unless so overcome, the jury are bound to find according to the presumption."

In this court, as in many other jurisdictions, the terms "inference" and "presumption" have been improperly used interchangeably although there is a clear distinction between them. It was recognized by Justice McBride in *Kahn v. Home Tel. & Tel. Co.*, supra. When the terms have been used interchangeably most courts have had in mind presumptions of fact and not of law. Presumptions of fact may more properly be termed inferences. An inference is a deduction from facts which reason dictates, but a presumption, in its true sense, is an arbitrary conclusion which the law directs

to be made from certain facts. If you look through the window and see someone carrying a raised umbrella you might reasonably infer that it is raining, but there would be no presumption that it is raining. Among the disputable presumptions enumerated in the statute (§ 9-807, Oregon Code 1930) we find none that a person in possession of an automobile is presumed to be acting as an agent of the owner and for the latter's benefit. We, therefore, conclude that the prima facie case is based upon an inference and not a presumption. However, an inference, under the statute, is a species of evidence and our problem is not solved by the distinction thus made.

It is instructive to consider the construction the courts of California have given the statutes of that state with reference to inferences and presumptions, such Code provisions being identical with those of Oregon. Much reliance is had by plaintiff on *Randolph v. Hunt,* 41 Cal. App. 739 (183 P. 358). In that case, Justice Burnett, speaking for the district court of appeals, said:

"But it is said by appellant that there was no evidence to the contrary, and therefore it was the duty of the jury to find upon this issue in his favor. It is not disputed that from the ownership of the automobile the presumption arises that it was being used for appellant's purposes: *West v. Kern,* 88 Or. 247 (171 P. 413, 1050, L. R. A. 1918D, 920); *McWhirter v. Fuller,* 35 Cal. App. 288 (170 P. 417). But it is claimed that this presumption was no longer of any effect, after the introduction of testimony by witnesses to the contrary, and that the jury could not legally be influenced by it in finding a verdict. It amounts to the contention that said presumption would be sufficient to support the verdict if there were no evidence to the contrary, but it is insufficient in the presence of adverse evidence. We cannot understand how a presumption can be thus

changed in its character as evidence. If it is legally sufficient to support a verdict, it must be legally sufficient to create a conflict in the evidence."

In the above case the owner was riding in the automobile at the time of the accident, but claimed that he had loaned it to the driver and was riding as the driver's guest. Aside from the question of probative value of an inference or presumption, such facts clearly made the issue of agency one for the jury. It is significant to note that the supreme court in denying a rehearing limited its approval of the opinion in the lower court to the matter of conflicting evidence and said: "As to the soundness of the other reasons set forth by the district court for the existence of such liability we express no opinion." In *Maupin v. Solomon,* 41 Cal. App. 323 (183 P. 198), it was contended, as here, that a so-called presumption remained in the case in spite of clear, positive and uncontradicted evidence that the driver was not acting as the agent of the owner. The court said:

"With this position we cannot agree. The inference relied upon by respondent cannot be indulged under the circumstances of this case. It must yield to the direct and unequivocal evidence rebutting such inference. 'Presumptions,' *such as the one relied on here* [italics ours] 'are allowed to stand, not against the facts they represent, but in lieu of proof of them,' and when 'the fact is proven contrary to the presumption, no conflict arises; the presumption is simply overcome and dispelled'."

The Supreme Court, in denying a rehearing, pointed out that "respondent's prima facie case was based solely on an 'inference' and not on any 'presumption' declared by law." It further said:

"In this case the direct uncontradicted evidence introduced in response to the prima facie case as to

the circumstances under which the employee of appellant was driving appellant's automobile was of such a nature as to leave no reasonable ground for an inference, based solely on the fact of appellant's ownership of the automobile, and the further fact that the person driving was an employee of appellant, that the driver was acting within the scope of his employment at the time of the accident. The verdict, therefore, was contrary to the evidence,   *   *   *.''   ·

To the same effect also see *Martinelli v. Bond,* 42 Cal. App. 209 (183 P. 461). In *Fahey v. Madden,* 56 Cal. App. 593 (206 P. 128), where plaintiff relied upon an inference resulting from ownership of the automobile, the court held that under the clear, positive evidence of the defendant's witnesses, it was error to submit the case to the jury as to the liability of the owner. After citing numerous authorities, the court said:

''The foregoing authorities establish the proposition that the deduction which the jury may make from proof of ownership of an automobile by one person and its use by another is an inference and not a presumption of law.''

■ We have said that defendant was not entitled to a nonsuit, for the reason that plaintiff had established a prima facie case. However, it does not follow, if the prima facie case is based solely upon an inference or presumption, that the court has no right to withdraw the cause from the jury after all of the evidence has been submitted. We confess that this reasoning cannot be reconciled with the language of the court in denying petition for rehearing in *Doherty v. Hazelwood Co.,* supra, although there is a clear distinction between the two cases on facts. The same may be said of *Sather v. Giaconi,* supra.

14

■ Ordinarily, whether an inference or presumption has been overcome is a question for the jury, but if the évidence is of such character that but one reasonable deduction can be made therefrom the court may so declare as a matter of law. It is entirely reasonable that one inference may be drawn during one stage of the trial and a different one at a later time, after all the evidence is in the record. At the close of plaintiff's case in chief, it might have been reasonable, in view of proof of defendant's ownership of the automobile to infer that Mills was driving the same for the owner's benefit; but would such inference still obtain after it had been shown by clear, positive and uncontradicted evidence that Mills had rented the automobile from defendant, and was driving it for his own pleasure?

■ There is a disputable presumption that a person not heard from in seven years is dead. However, if the person presumed to be dead actually appeared in court and testified, would it then be contended that it was a question of fact for the jury to determine whether such person was alive or dead? The answer is obvious; yet, under the statute, a presumption is evidence. In the instant case, it is difficult to conceive of stronger and more convincing evidence than that offered on behalf of the defendant. There is not the slightest suspicion about it. It is not reasonably susceptible of a different interpretation or construction. The fact of rental of the automobile is established by uncontradicted evidence of such substantial character as to leave no reasonable doubt. Under such circumstances, the jury will not be permitted by law to arbitrarily and capriciously say that the weight of the evidence predominates in favor of plaintiff upon whom rests the burden of proof. Even in *Randolph v. Hunt,*

supra, which is not in keeping with the trend of modern authority (California Law Review, vol. 19, p. 328, and ·editor's note 42 A. L. R. 906) the court said:

"A case might arise, of course, where an appellate court would be justified in setting aside a verdict upon the ground that a jury had accorded too much weight to a mere presumption, * * *."

We are not unmindful of article VII, section 3c of the constitution of this state, which provides that:

"No fact tried by a jury shall be otherwise reexamined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict."

Construing the above constitutional amendment this court, in *Consor v. Andrew,* 61 Or. 483 (123 P. 46), said:

"An inference is a species of evidence, but it is believed that the clause of the fundamental law referred to requires a greater degree of proof than is afforded by such indirect probative matter. In our opinion there was 'no evidence' within the meaning of that phrase, as used in the amendment of the constitution, adequate to support the verdict, and, this being so, judgment cannot be affirmed on the legal principle invoked."

Believing that there is no evidence to support the verdict of the jury in this action, it follows that the judgment based thereon is reversed and the action dismissed.

———

KELLY, J. (Specially concurring.) The writer concurs in the opinion of the court that the deduction, to the effect that the driver of an automobile, belonging to another, while operating the same, is the agent of the owner and acting within the scope of such

agency, at best, is a mere inference. In every case, examined by the writer, where such deduction has been approved, there is direct testimony tending to prove such agency.

The writer also concurs in the opinion of the court that a mere inference in itself alone is not sufficient to support a verdict when, as in the case at bar, it has been irrefutably rendered inapplicable by uncontradicted direct evidence: *Consor v. Andrew*, 61 Or. 483 (123 P. 46).

While the statute recognizes an inference as a degree of evidence (§ 9-105, Oregon Code 1930), it nowhere defines that degree. An inference is a deduction which the reason of the jury makes from the facts proved: Section 9-802, Oregon Code 1930. When reason can make but one deduction from the facts proved, no inference to the contrary remains.

The distinguished and lovable jurist, who has written the opinion of the court in this case, has had his eyes upon our sister state to the south of us. This is shown by his extensive citation of cases from that great commonwealth. In the opinion of the writer, this accounts for his untenable illustration of an inference, that, when you look through the window and see some one carrying a raised umbrella, you may reasonably infer that it is raining. That may be based upon sad experience in California with its "unusual" weather, but in the glorious climate of Oregon, with its winters of golden sunshine and its summer of shimmering sheen, the only reasonable inference would be that the one carrying the umbrella is a visitor shielding himself from the unexpected effulgence of the sun.

At any rate, if the question to be decided is whether it is raining or not, when only the general use of raised umbrellas is shown, the matter should be submitted to

the jury; but, if thereafter uncontradicted testimony is introduced that the sun was shining with dazzling brilliance, the court should withdraw the question from the jury.

In the opinion of the writer, it is not necessary, for the purposes of this case, to decide whether a presumption of law requires the submission of a question of fact to the jury where the uncontradicted direct evidence is contrary to the tenor of such presumption. The writer thinks that no presumption of law is involved in the instant case, but only an inference of fact.

As stated in the opinion of the court, there is a presumption of law that a person not heard from in seven years is dead: Subd. 26, section 9-807, Oregon Code 1930. It is not clear to the writer that a jury could be called in a proceeding having for its purpose the establishment of the alleged fact of death based upon seven years' continuous absence: Sections 11-1101 to 11-110, Oregon Code 1930. If, however, an issue of that kind should arise in a trial by jury, it appeals to the writer that the statutory mandate would apply to the effect,—"That they (the jury) are not bound to find in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number, or *against a presumption* or other evidence satisfying their minds": Section 9-2001, Oregon Code 1930.

Under the rule of statutory construction, "inclusio unius est exclusio alterius," this statute, having included one class of indirect evidence, excludes the other class.

As stated, however, it is not necessary to decide that point for it is not in this case.

The order dismissing the case is a proper one.