Argued June 29; reversed July 17; opinion modified July 31;
rehearing denied September 11, 1934

## PURDIN *v.* RICHARDSON ET AL.

(34 P. (2d) 926)

*Andrew Hansen,* of Portland (W. E. Richardson, of Portland, on the brief), for appellants.

No appearance for respondent.

BELT, J. This is a personal injury action. On January 29, 1932, about 3 o'clock in the afternoon during a snowstorm, the plaintiff, a man 76 years of age, engaged in selling newspapers on the streets of the city of Portland, was struck by an automobile driven by the defendant Carruthers, while he was walking south across the intersection of Taylor and West Park streets. The automobile at the time of the accident was owned by the defendant Richardson.

Plaintiff charged the defendants with negligence in (1) excessive speed; (2) failure to keep proper lookout for pedestrian traffic at regular crossing; (3) failure to give right of way to pedestrian; (4) permitting snow to accumulate on windshield. Defendants filed separate answers denying negligence and alleging affirmatively that plaintiff was guilty of contributory negligence in that (1) he did not keep proper lookout and failed to yield right of way to driver of automobile; (2) failed to cross Taylor street at regular pedestrian crossing; (3) rushed in front of oncoming automobile during snowstorm without exercising due care or caution. The new matter was denied in the reply.

On these issues, briefly stated, the cause was submitted to a jury and a verdict returned in favor of plaintiff for $602.63. Defendants appeal making 21 assignments of error. This court does not look with favor upon "shotgun" assignments and we shall, therefore, consider only those few which are urged with some semblance of earnestness in the brief of appellants.

One of the principal assignments of error is predicated upon the refusal to allow motions for nonsuit and directed verdict. Appellants assert that there

has been no proof of agency or of negligence by the defendant Carruthers.

Relative to the question of agency, it is admitted that, at the time of the accident, Carruthers was driving the automobile and that it was owned by the defendant Richardson. It is well established in this jurisdiction that proof of ownership alone is sufficient to create a prima facie case of agency: *Judson v. Bee Hive Auto Service Co.,* 136 Or. 5 (294 P. 588, 297 P. 1050, 74 A. L. R. 944). Also see *Millar v. Semler,* 137 Or. 610 (2 P. (2d) 233, 3 P. (2d) 987). Richardson admitted that, with his knowledge and consent, Carruthers drove the car at various times prior to the accident, but contended that it was not in furtherance of the owner's business. Richardson, in referring to the use of the car, said: "He (Carruthers) just took it when he wanted it and that was all there was to it. There was never any question asked." Unlike *Judson v. Auto Service,* supra, the evidence in the instant case offered by defendants did not, as a matter of law, overcome the presumption of agency.

We are unable to agree that there is no evidence tending to show negligence on the part of the defendant Carruthers. While there is some conflict in the evidence as to whether the plaintiff was within the regular pedestrian crossing, if his testimony is to be believed—and it must be accepted as true when tested by demurrer to the evidence—he was within the same and therefore had the right of way. Plaintiff testified that he first saw the automobile when he was about half way across the street and that "It was about half way up the block." In response to the question, "Did you stop or keep on going when you saw it?" he answered, "I kept on going. I thought I had plenty of

time, but he caught me." According to his testimony he had reached a point five or six feet from the south curb of Taylor street before he was struck by the automobile. Under such circumstances we think it was a question of fact for the jury to say whether the driver, in approaching this pedestrian crossing, exercised due care to avoid injuring the plaintiff. We conclude, therefore, that there was no error committed in the denial of the motions for nonsuit and directed verdict.

■ If liability against the defendant Richardson be established it must be based upon the fact that, at the time of the accident, Carruthers was driving the automobile in furtherance of the business of Richardson. Whether Carruthers was an agent of Richardson or was driving the car in furtherance of his own business was one of the vital issues of the case so far as the liability of defendant Richardson was concerned. This defendant was, therefore, entitled to have his theory submitted to the jury. In none of the instructions of the trial court was the subject of agency covered although the attention of the court was directed thereto. We think error was committed in refusing to give the following instruction requested by the defendant Richardson:

"If plaintiff has proven that defendant Carruthers was the agent of defendant Richardson then the plaintiff must further prove that defendant Carruthers was acting within the scope of his authority the burden of proof is on the plaintiff."

We see no merit in the other assignments of error.

It follows that the judgment of the lower court is reversed and the cause remanded for a new trial.

RAND, C. J., and ROSSMAN and KELLY, JJ., concur.

ON MOTION TO MODIFY OPINION

BELT, J. In the opinion rendered in the above entitled action, the court inadvertently reversed the judgment against both defendants. Since there was no error in the record as to defendant Carruthers, it follows that as against him the judgment is affirmed. As to the defendant Richardson, the judgment is reversed and the cause remanded for a new trial.

With this modification, the court adheres to the original opinion.

RAND, C. J., and ROSSMAN and KELLY, JJ., concur.