Argued July 3, affirmed July 17, 1917.

# HOUSTON *v.* KEATS AUTO CO.*

### (166 Pac. 531.)

**Master and Servant—Third Person's Injury—Automobile Accident—Presumption.**

1. Where plaintiff proves that the vehicle which caused his injury belonged to defendant, the jury may infer that the driver was defendant's servant, and that the vehicle was being used for defendant's purposes.

**Master and Servant—Third Person's Injury—Automobile Accident—Relation—Question for Jury.**

2. Evidence showing ownership and use of automobile causing plaintiff's injury *held* sufficient to submit to the jury the question of the driver's employment by defendant and use of car for defendant's purposes.

**Master and Servant—Third Person's Injury—Automobile Accident—Instructions.**

3. Instructions that, if driver of automobile which injured plaintiff was in defendant's employ, and was then using the car in defendant's business, plaintiff could recover, *held* warranted by the testimony.

**Master and Servant—Third Person's Injury—Automobile Accident—Relation—"Servant."**

4. If defendants selected the driver of automobile injuring plaintiff, had power to discharge him, and right to direct his work, the driver was then the defendant's "servant."

**Master and Servant—Third Person's Injury—Automobile Accident—Master's Liability.**

5. If the driver of the automobile injuring plaintiff was defendant's servant, and was using the machine in defendant's business for the purpose of demonstrating the automobile for a prospective purchaser, the defendants were responsible for the driver's acts.

**Master and Servant—Principal and Agent—What Constitutes Relation—Wages.**

6. The receipt of a stated wage is not essential to create the relation of principal and agent or master and servant.

*As to who is responsible for negligence of chauffeur driving a leased or demonstration car, see notes in 40 L. R. A. (N. S.) 457; 44 L. R. A. (N. S.) 113; 51 L. R. A. (N. S.) 1164.

As to making *prima facie* case of responsibility for negligence of driver of automobile by proof of defendant's ownership of car, or employment of driver, see note in 46 L. R. A. (N. S.) 1091.

REPORTER.

**Master and Servant—Third Person's Injury—Independent Contractor.**

7. Defendants would not be liable for plaintiff's injury from an automobile owned by them if the driver was an independent contractor, defendants retaining no control over him, and the work not being inherently dangerous.

> [As to liability of owner of automobile for act of driver other than his child or servant, see note in Ann. Cas. 1916A, 668.]

**Master and Servant—Third Person's Injury—Effect of Contract on Liability.**

8. Contractual relations between owners of automobile injuring plaintiff and the driver thereof could not relieve defendants from liability if the driver was in fact under their control and engaged in the transaction of their business.

**Trial—Refusal of Request Excluding Evidence.**

9. In action for injuries resulting from automobile accident, it was proper to refuse a requested instruction which would have taken from the jury certain evidence that at the time of the accident the driver was endeavoring to sell defendant's car to defendant's customer.

**Trial—Refusal of Request Covered by Charge.**

10. In action for injuries resulting from an automobile accident, requested instruction was properly refused where it was substantially covered by given instructions.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 2.    Statement by MR. JUSTICE MC-CAMANT.

This is an action for personal injuries, brought by Mary M. Houston against H. L. Keats and W. N. Jones, partners as H. L. Keats Auto Company. It appears from the evidence that on August 1, 1915, plaintiff got off a south-bound car at the intersection of Union Avenue and Broadway in the city of Portland, intending to transfer to a Broadway car. About the time that she reached the curb one of the defendants' automobiles ran her down, pushing her violently against a telegraph pole. It is conceded that the driver of the car was intoxicated, that he was driving at an excessive speed and that he violated a city ordinance in passing by the side of a car from which

passengers were alighting. The evidence clearly proves the injuries sustained by plaintiff.

The defendants contend that A. J. Chance, the driver of the auto, was not their servant, but an independent contractor for whose negligence they are not responsible. The jury found for plaintiff on this issue and a judgment in her favor in the sum of $3,000 was entered on the verdict. Defendants appeal.

AFFIRMED.

For appellants there was a brief over the names of *Messrs. Wilbur, Spencer & Beckett* and *Messrs. Crawford & Eakin,* with oral arguments by *Mr. S. C. Spencer* and *Mr. T. H. Crawford.*

For respondent there was a brief over the name of *Messrs. Logan & Smith,* with an oral argument by *Mr. I. N. Smith.*

MR. JUSTICE MCCAMANT delivered the opinion of the court.

The assignments of error most insisted upon are based on the denial of defendants' motions for a nonsuit and for a directed verdict. It is contended that there is no evidence that Chance was in the employ of defendants, that they exercised any control over him or that he was engaged in any undertaking in which the defendants were interested at the time when plaintiff was injured. The evidence is to the effect that defendants rent from the Wemme Estate a two-story building on Broadway in the city of Portland extending from Burnside to Couch Street. Chance applied to the defendants in July, 1915, to rent a portion of this building for the sale of used autos, and for other purposes. The evidence is fairly clear

that the defendants refused to rent him the space because he was without funds and unable to pay rent in advance. Chance had been in the automobile business at Vancouver, B. C. He had sold out this business and was expecting payment of the purchase price within a few days. A temporary arrangement was made under which some space in the building was turned over to Chance and a number of the defendants' used cars were also intrusted to him for sale. The price of these cars was approximately ten per cent higher than that which would otherwise have been charged, the defendants expecting to secure in this way a sum equivalent to a reasonable rent. The arrangement was a temporary one and the evidence of defendants is to the effect that they would have terminated the association if Chance had failed to sell cars or pay rent under an arrangement tentatively agreed upon. Chance was told to miss no sales on account of price provided the purchaser was willing to pay somewhere near the price quoted. In such case, he testifies, he was to report the facts to Mr. Harris, the defendants' sales manager, and to be guided by Harris's instructions. With the consent of defendants Chance put his own name on the window. He did some business in repairing autos and also conducted a school for instruction in such repair.

It appears by the testimony of defendant Keats that he instructed Chance that the cars intrusted to him were not to be used for pleasure, but only for business purposes. This witness testifies that the business in view was the sale of the cars and that a demonstration of the car is usually "a part of the sale." Mr. Keats testified on this subject as follows:

"Q. Suppose you had seen him out with your car on a pleasure trip alone, and you would have known that

it had been a pleasure trip; you would have protested, wouldn't you?

"A. Yes.

"Q. And perhaps you would have canceled the alleged contract between you?

"A. I certainly would have called him on the carpet for it, and I would have a right to cancel it."

Chance testifies that on July 31, Mr. Harris, sales manager for the defendants, brought a prospective purchaser of an automobile to Chance; that Chance took him for a short ride for demonstration purposes on the evening of that day and was engaged in a further demonstration of the car to this same prospective purchaser at the time of the accident. Mr. Harris takes issue with the above testimony.

It clearly appears that the sale of used or second-hand autos is a part of defendants' business. It is expressly conceded that the car which ran down plaintiff was the property of defendants.

1. Where plaintiff proves that the vehicle which caused the damage belonged to the defendant, the jury is entitled to infer that the driver was defendant's servant and that the vehicle was being used for defendant's purposes. The principle is thus stated in 1 Shearman and Redfield on Negligence, 6th ed., Section 158:

"When the plaintiff has suffered injury from the negligent management of a vehicle, such as a boat, car or carriage, it is sufficient *prima facie* evidence that the negligence was imputable to the defendant, to show that he was the owner of the thing, without proving affirmatively that the person in charge was the defendant's servant. It lies with the defendant to show that the person in charge was not his servant, leaving him to show, if he can, that the property was not under his control at the time, and that the accident was occasioned by the fault of a stranger, an independent con-

85 Or.—9

tractor, or other person, for whose negligence the owner would not be answerable."

The rule is supported by the following cases: *Norris* v. *Kohler,* 41 N. Y. 42, 44, 45; *Ferris* v. *Sterling,* 214 N. Y. 249 (108 N. E. 406, 407, Ann. Cas. 1916D, 1161); *Doherty* v. *Lord,* 8 Misc. 227 (28 N. Y. Supp. 720, 723, 59 N. Y. St. Rep. 445); *Edgeworth* v. *Wood,* 58 N. J. L. 463 (33 Atl. 940, 942); *O'Malley* v. *Heman Const. Co.,* 255 Mo. 386 (164 S. W. 565, 566); *Fleishman* v. *Polar Wave Ice etc. Co.,* 148 Mo. App. 117 (127 S. W. 660, 662–665); *Wiedeman* v. *St. Louis Taxicab Co.,* 182 Mo. App. 523–530 (165 S. W. 1105, 1106); *Howell* v. *Mandelbaum,* 160 Iowa, 119 (140 N. W. 397, 399, Ann. Cas. 1915D, 349); *Langworthy* v. *Owens,* 116 Minn. 342 (133 N. W. 866, 867); *Knust* v. *Bullock,* 59 Wash. 141, 143 (109 Pac. 329); *Kneff* v. *Sanford,* 63 Wash. 503, 505 (115 Pac. 1040, 2 N. C. C. A. 422); *Burger* v. *Taxicab Motor Co.,* 66 Wash. 676, 678 (120 Pac. 519); *Purdy* v. *Sherman,* 74 Wash. 309, 310 (133 Pac. 440).

2. These authorities proceed on the theory that the facts are peculiarly within the defendant's knowledge and if the vehicle is not in use for the defendant's purposes he can readily furnish the necessary proof. The admission of ownership made by the defendants in the case at bar was therefore sufficient to make out a *prima facie* case on the controverted questions. It is squarely held in *Kahn* v. *Home Telephone & Telegraph Co.,* 78 Or. 308, 314 (152 Pac. 240), that in every case it is for the jury to say whether this *prima facie* showing has been met by the defendant's testimony. The correctness of this decision is vigorously attacked by counsel for defendants.

If we were to hold that in a clear case the court would be justified in instructing the jury that the

defendant had overcome the inferences arising from ownership of the vehicle, such a conclusion could not help defendants in the case at bar. Defendants cannot be said as a matter of law to have overcome these inferences and plaintiff's case is by no means dependent on proof that defendants owned the car. There was evidence that at the time of the accident Chance was demonstrating defendants' car to a prospective purchaser introduced to him by the defendants. If this testimony was true the car was unquestionably being used for defendants' purposes and Chance was defendants' servant at the time of the accident. The evidence is sufficient to charge defendants with responsibility within the principles announced in *Dalrymple* v. *Covey Motor Car Co.,* 66 Or. 533, 538, 540 (135 Pac. 91, 48 L. R. A. (N. S.) 424). The court did not err in submitting the case to the jury.

3–6. Exceptions were reserved by the defendants to the following instructions given by the lower court:

''If you find from the evidence that the defendants did select this man Chance, who was driving the automobile at the time of the accident, and you further find that the defendants had the power to discharge him and had the right to direct what work should be done and the way it was to be done, then you are instructed that the said Chance was the defendants' servant at the time of the accident.

''If you find from the evidence that Chance, at the time of the accident, was defendants' servant, and you further find that Chance was demonstrating the automobile for a prospective purchaser, and that the same was done for the benefit of and in furtherance of defendants' business, then you are instructed that defendants are responsible for the acts of said Chance.''

We think that these instructions correctly state the law and that they are warranted by the testimony. The right of defendants to control Chance is inferable

from the testimony of the defendant Keats and the jury was entitled to find that he was the servant of the defendants from the testimony that he was demonstrating defendants' car to a prospective purchaser furnished him by the defendants. The receipt of a stated wage is not essential to the creation of the relation of principal and agent or master and servant: *Birch* v. *Abercrombie,* 74 Wash. 486, 493 (133 Pac. 1020, 50 L. R. A. (N. S.) 59).

7. It is true, as contended, that defendants would not be liable if it could be held that Chance was an independent contractor, defendants retaining no control over him and the work not being inherently dangerous: *Macdonald* v. *O'Reilly,* 45 Or. 589, 600 (78 Pac. 753); *Winniford* v. *MacLeod,* 68 Or. 301, 306–310 (136 Pac. 25); *Oregon Fisheries Co.* v. *Elmore Packing Co.,* 69 Or. 340, 345 (138 Pac. 862); *Lintner* v. *Wiles,* 70 Or. 350, 353–358 (141 Pac. 871). This theory of the case was submitted to the jury in suitable instructions and this is all that the defendants were entitled to.

8, 9. Error is assigned on the refusal of the court to give the following instruction requested by the defendants:

"If you find from the evidence in this case that the defendants turned over and delivered to A. J. Chance the automobile in question in this case, under the contract with Chance, whereby Chance was to sell the automobile and pay the defendants a certain fixed price, and that he was to have all that he received over and above this price for his compensation and commission in making the sale, and that Chance, while out operating said automobile and demonstrating it to a contemplated purchaser, negligently and carelessly ran into and injured the plaintiff in this case, then I instruct you that the defendants would not be liable for such negligence and your verdict must be for the defendants."

This request was properly refused. The mere contract between defendants and Chance could not relieve defendants of liability if Chance were in fact under their control and especially if he were engaged in the transaction of their business at the time of the accident. The above request, if given, would have taken from the jury the evidence of Chance that at the time of the accident he was endeavoring to sell defendants' car to defendants' customer.

10. Defendants also complain of the refusal of the court to instruct the jury that they could not be held liable if the machines to be sold were put in the exclusive control of Chance, the defendants retaining no right to direct him in any respect. The court instructed the jury as follows:

"If you find from the evidence in this case that the defendants made an agreement with A. J. Chance wherein and whereby they were to turn over to Chance certain second-hand automobiles, and that after they turned over these second-hand automobiles to Chance that the defendants had no further control or direction over said automobiles; and if you further find that at the time of the accident complained of in the complaint that A. J. Chance was driving one of these second-hand automobiles belonging to the defendants, and that the said defendants had nothing to do with the automobile at the time, and that at the time Chance was demonstrating said automobile he was doing so exclusively in his own business, then and in that event you are instructed that the plaintiff cannot recover in this action, and your verdict should be for the defendants."

This instruction substantially covered the point to which the defendants' request was directed. This forecloses any contention of error in denying the request: *Domurat* v. *Oregon-Washington Railway & Navigation Co.*, 66 Or. 135, 138 (134 Pac. 313). The

·other exceptions are not insisted upon. We find no
error and the judgment is affirmed.        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and
MR. JUSTICE BEAN concur.