Argued October 15, affirmed November 19, 1918, rehearing denied January 14, 1919.

## DOHERTY *v.* HAZELWOOD COMPANY.*

(175 Pac. 849; 177 Pac. 432.)

Trial—Direction of Verdict—Evidence. ·

1. A motion for a directed verdict must be overruled, and the question at issue must in the first instance be submitted to the jury, if there is any evidence which the jury is entitled to consider as against the moving party.

Master and Servant — Liability for Acts of Servant — Direction of Verdict.

2. Ownership of an automobile operated by an agent constitutes a *prima facie* case for the jury of the principal's liability for injuries inflicted by the agent in driving the machine of which he had general charge, although for a purpose of his own, in view of Section 796, L. O. L., authorizing an inference of fact to the be founded on the "course of business."

  · [As to liability of the master for acts and neglects of the servant done in the course of his employment, see notes in 55 Am. Dec. 317; 40 Am. Rep. 226; Ann. Cas. 1916A, 962.]

———

*On the question of liability of owner of automobile when car is being used by servant or another for his own business or pleasure, see notes in 1 L. R. A. (N. S.) 235; 9 L. R. A. (N. S.) 1033; 14 L. R. A. (N. S.) 216; 21 L. R. A. (N. S.) 93; 26 L. R. A. (N. S.) 382; 33 L. R. A. (N. S.) 79; 37 L. R. A. (N. S.) 834; 47 L. R. A. (N. S.) 662; L. R. A. 1916A, 957.            REPORTER.

Trial—Direction of Verdict—"Prima Facie Case."

3. In view of Section 793, L. O. L., and Section 868, subsection 2, whenever it is determined that a plaintiff has made out a *prima facie* case the court has no power to withdraw case from jury despite Sections 693, 797; a *"prima facie* case" being that state of facts which entitles the party to have the case go to the jury.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

The plaintiff, Mary Doherty, as the administratrix of the estate of her deceased husband, brought this action against the defendants, Hazelwood Company, a corporation, J. W. Shearer and E. J. Cashin, to recover damages for the death of her decedent which she alleges was caused by the negligent operation of an automobile owned by the company and driven and used at the time by the individual defendants in the interest of the corporation, with its consent and in furtherance of its business.

The Hazelwood Company contented itself with an answer denying all of the allegations of the complaint except that of its corporate existence. Each of the individual defendants answered separately in his own behalf, making some denials and urging affirmatively the defense of contributory negligence. After trial there was a judgment in favor of the plaintiff and against the company and the defendant Shearer. The company alone appeals, hence no further notice need be taken of the answers of the individuals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Bert W. Henry* and *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. Harrison Allen.*

For respondent there was a brief over the names of *Mr. R. Citron* and *Mr. Henry E. McGinn,* with an oral argument by *Mr. Citron.*

BURNETT, J.—The only question presented in the brief of the company and argued in this court is the alleged error of the Circuit Court in refusing to instruct the jury to find a verdict in favor of the company. A *résumé* of the testimony therefore becomes necessary in order to determine whether upon the whole case as presented on the evidence the plaintiff was entitled to go to the jury.

The company was engaged in business in the City of Portland and was the owner of the automobile involved. Shearer was its employee whose daily hours of service began at 8 o'clock in the morning and ended at 6 o'clock in the evening, and whose duty it was to take the automobile during his working hours and visit tradesmen, to solicit business for the company. In addition to this he was permitted by the company to use it in going to his home after working hours, to keep it there overnight and to use it in returning to his service the following morning. The decedent was a street-sweeper in the employ of the City of Portland.

After his working hours the evening before the fatal accident, Shearer took his wife and rode in the automobile to a dancing party, remaining there until shortly after midnight. The car was one with but a single seat, ordinarily sufficient for but two passengers. When the party broke up, in pursuance of an arrangement made between three married couples, the Shearers, the Cashins and the Dunnes, Cashin and his wife, who had no car, were taken separately in the two cars operated by the other couples, Cashin going into the car with the Shearers, taking Mrs. Shearer on his lap. The latter three proceeded homeward, Shearer driving the car, and at the Broadway bridge ran upon Doherty, where he was engaged in street cleaning, dragging him

some distance up the approach of the bridge, and injuring him so that he died soon after.

1. Reduced to its lowest terms, the question presented is whether the court should direct a verdict in favor of the defendant company when there is testimony that the car which inflicted the injury upon the decedent was the property of the company, operated by one who was in its general employ daily using the car in the business of the company and in addition thereto having it under his custody and control outside of working hours, although there was direct evidence that he was using it for his private purposes at the exact time of the accident. It is axiomatic that a motion for a directed verdict must be overruled and the question at issue must in the first instance be submitted to the jury, if there is any evidence which the jury is entitled to consider as against the moving party. Questions analogous to the one here involved have been considered by this court in several cases, such as *Dalrymple* v. *Covey Motor Car Co.,* 66 Or. 533 (135 Pac. 91, 48 L. R. A. (N. S.) 424); *Smith* v. *Burns,* 71 Or. 133 (135 Pac. 200, 142 Pac. 352, Ann. Cas. 1916A, 666, L. R. A. 1915A, 1130); *Kahn* v. *Home Telephone & Telegraph Co.,* 78 Or. 308 (152 Pac. 240); *Houston* v. *Keats Auto Co.,* 85 Or. 125 (166 Pac. 531); and lastly, *West* v. *Kern,* 88 Or. 247 (171 Pac. 413, 1050).

After a review of the authorities Mr. Justice HARRIS sums up the matter in *West* v. *Kern* in these words:

"We adhere towards the doctrine to which the opinion in *Kahn* v. *Home Telephone & Telegraph Co.,* 78 Or. 308 (152 Pac. 240), inclines, and which the opinion in *Houston* v. *Keats Auto Co.,* 85 Or. 125 (166 Pac. 531), pronounces, and we hold that proof of ownership makes a *prima facie* case against the owner."

He distinguished *Smith* v. *Burns,* 71 Or. 133 (135 Pac. 200, 142 Pac. 352, Ann. Cas. 1916A, 666, L. R. A.

1915A, 1130), and laid it aside for the purposes of the there instant case, on the ground that the precise question of whether or not proof of the ownership of the automobile made a *prima facie* case was not discussed in the opinion.

2. The naked question is therefore presented here, whether ownership of the machine with which the injury was inflicted is sufficient to take the case to the jury as against the motion for a directed verdict. We remember that if the ultimate fact is that the car was operated solely for the private purposes of the driver without the knowledge or permission of the owner, the latter would be exempt from liability. The ascertainment of that ultimate fact, however, is for the jury and if there is any evidence in favor of the plaintiff the jury must receive the case in the first instance as against the motion for a directed verdict. This doctrine prevailed even before the adoption of the amended form of Article VII of the State Constitution forbidding re-examination otherwise of any question of fact determined by the verdict of a jury unless the court can affirm that there is no evidence to support it: *Serles* v. *Serles,* 35 Or. 289 (57 Pac. 634).

Certain rules of evidence are codified in our statutes. There is a classification of direct and indirect evidence embodied in Section 690, L. O. L. Again, indirect evidence is said to be of two kinds: 1, inferences, and 2, presumptions: Section 793, L. O. L. In the following section an inference is defined to be "a deduction which the reason of the jury makes from the facts proved, without an express direction of law to that effect." Again in the next succeeding section it is said: "A presumption is a deduction which the law expressly directs to be made from particular facts." In authorizing the jury by course of reasoning to make

a deduction, the law does not allow it to wander into the realms of fancy and speculation without restriction, for it is said in Section 796, L. O. L.:

"An inference must be founded,—
"1. On a fact legally proved; and,
"2. On such a deduction from that fact as is warranted by a consideration of the usual propensities or passions of men, the particular propensities or passions of the person whose act is in question, the course of business, or the course of nature."

Further, in Section 797, L. O. L.:

"A presumption, unless declared by law to be conclusive, may be overcome by other evidence, direct or indirect; but unless so overcome, the jury are bound to find according to the presumption."

We find it presumed in Section 799, subdivision 20, "that the ordinary course of business has been followed."

In our quest for evidence in favor of the plaintiff we discern proof that the defendant company owned the car; that it was in the custody of Shearer, who was in the general employ of the company; that while he was driving it the fatal accident occurred and that there was some evidence of his negligence in the matter. These facts satisfy the first element of the foundation of an inference, viz., "a fact legally proved." We pass then to the question of whether there is any element in the evidence satisfying the second requisite of the foundation of an inference as laid down in Section 797. We lay aside the deduction to be drawn from the consideration of propensities and passions of men and the course of nature, because these are manifestly not involved in the discussion. The only remaining element in the second requisite of the basis of an inference in the "course of business." Here was a transaction in which the property of the defendant company was in-

volved. There was something being done with that
property by a person who was in possession of it by
the company's consent. In a sense it amounted to the
company's holding him out as its agent in the opera-
tion of the machine, so that his driving it at the time
of the accident was in the apparent scope of his author-
ity. Under these circumstances there comes into play
the presumption, disputable it is true, that the ordi-
nary course of business has been followed. In this
manner is supplied the second element of the statutory
basis of inference. From these premises the jury is
authorized to reason and deduce the conclusion which
supports the *prima facie* case delineated in *West* v.
*Kern.* This inference is a piece of evidence, indirect
indeed, but sanctioned by our Code. It is present in
the case. It is a factor to be considered by the jury
which alone has the right to adopt or to discard it.
The trial court had no authority to ignore it, for the
statute expressly says that the inference is a deduc-
tion to be drawn by the jury, thus classifying it as
within the province of the jury, which the court has no
right to invade when called upon to direct a verdict.
It is not a case of founding an inference upon an in-
ference, as condemned in *State* v. *Hembree,* 54 Or.
463 (103 Pac. 1008), and other precedents, for the jury
is expressly commanded to find in accordance with the
presumption unless it is overcome. There is nothing
in the case to overcome the presumption except the
oral testimony of the witnesses Shearer and Cashin,
who of course declare that the machine was being used
at the time for the private purposes of Shearer.
Whether the presumption and its consequent infer-
ence are overcome by this oral testimony is for the
jury, instead of the court, to determine in the first in-
stance. We are bound to say that there was evidence

90 Or.—31

in the case, although of an indirect character, which the plaintiff was entitled to submit to the triers of the fact, as against the direct evidence of the defendant's witnesses. Thus it is written in the law which we have no authority to change, as against the contention that the court should have directed a verdict. Under the rules of evidence in the Code it is clear that there was testimony *pro* and *con* on the issue involved, the weight and preponderance of which was to be determined by the jury.

The analysis of the sections of the Code noted above as applied to the evidence supports the doctrine of *West* v. *Kern* to the effect that proof of the ownership of the automobile inflicting the injury in a negligent manner makes a *prima facie* case in favor of the plaintiff. The precept must therefore be reiterated. In the instant case it sustains the action of the court in refusing to direct a verdict. Other reasons for the rule are stated in our own precedents to which allusion has been made and need not be repeated here. The purpose of the present opinion is merely to point out statutory grounds for the conclusion that proof of ownership of a vehicle negligently operated to the injury of another makes a *prima facie* case in favor of the injured party. This disposes of the only question presented in the brief of the defendant company and argued at the hearing. It leads to an affirmance of the judgment of the Circuit Court.          AFFIRMED.

JOHNS, J., Concurring Specially.—It appears from the record that J. W. Shearer was in the actual employ of the Hazelwood Company daily between 8 A. M. and 6 P. M.; that he was authorized by the company, after working hours to take, and that he did take the automobile to his own home, keep it there overnight and use it in returning to his labors the following morning. He

was therefore lawfully in possession of the machine, with the knowledge and consent of the Hazelwood Company, and the jury would have a right to infer that if he had authority to use it after working hours for one purpose he might have authority to use it for other purposes, and for such reason I concur in the opinion affirming the judgment. But where a third person has unlawfully obtained possession of an automobile from its owner and while in such unlawful possession he injures another with the automobile, notwithstanding the case of *West* v. *Kern,* 88 Or. 247 (171 Pac. 413, 1050), and the authorities cited in this opinion, I do not believe that the owner of the automobile should be held liable for the negligence of the third person who is in the unlawful possession of the automobile. Under such a state of facts, if the jury should return a verdict against the owner, in my judgment this court not only has the power but it would be its duty to set aside the verdict.

---

Denied January 14, 1919.

## ON PETITION FOR REHEARING.

(177 Pac. 432.)

In Banc.

*Messrs. Griffith, Leiter & Allen* and *Mr. Bert W. Henry,* for the petition.

*Mr. R. Citron* and *Mr. Henry E. McGinn, contra.*

BENSON, J.—Counsel for defendant has presented a very vigorous and interesting brief upon its petition for a rehearing herein, urging that the *prima facie* case made by the plaintiff was so completely over-

whelmed by the direct evidence of reputable and credible witnesses that it was the duty of the trial court to direct a verdict in favor of the defendant. Throughout the entire argument, however, counsel appears to overlook the distinction between the functions of court and jury. Defendant concedes the settled doctrine, in this state to be that proof of ownership, possession and use, of the automobile makes a *prima facie* case which must be squarely met by the defendant, but insists that, as a matter of law, the evidence of a number of reliable witnesses may be so convincing as to justify the court in directing a verdict. This contention is antagonistic to the logic of Section 793, L. O. L., declaring inferences and presumptions to be evidence, and Section 868, L. O. L., subsection 2 of which makes it the duty of trial courts to instruct juries

"that they are not bound to find in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number, or against a presumption, or other evidence satisfying their minds."

A *prima facie* case is that state of facts which entitles the party to have the case go to the jury: 6 Words & Phrases, 5549. Whenever, therefore, it is determined that a plaintiff has made a *prima facie* case, it has passed beyond the power of the court to withdraw the case from the jury. This conclusion is not in any manner affected by either section of the Code cited by defendant. Section 797, L. O. L., says, it is true, that a presumption "may be overcome by other evidence, direct or indirect," but the section continues by saying, "but unless so overcome, the jury are bound to find according to the presumption." Section 693, L. O. L., seeks merely to distinguish between direct and indirect evidence, and neither section under-

takes to impair the function of the jury in weighing the
two classes of evidence and determining which is the
more convincing.

The petition is denied.

AFFIRMED.   REHEARING DENIED.