No. 25,671.

RALPH BURRELL, Appellant, v. CHARLES HORCHEM *et al.*, *Appellees.*

SYLLABUS BY THE COURT.

1. DAMAGES—*Automobile Accident—Automobile Operated by Owner's Minor Son—Petition States Cause of Action Against the Owner.* The petition considered, and held to state a cause of action for damages resulting from an automobile accident, against the owner of an automobile, for permitting it to be operated by his son, who was under fourteen years of age, contrary to the provisions of R. S. 8-121.

2. SAME—*Directing Rays of Spotlight—Petition States Cause of Action Against Operator of Automobile.* Held further, the petition stated a cause of action for damages against the operator of the automobile for directing the rays of a spotlight attached to his automobile upon plaintiff's automobile, in violation of the provisions of R. S. 8-122.

3. SAME—*Car Being Operated on Business for the Owner.* Held further, the petition stated a cause of action for damages against the owner because the operator was making a trip on business for the owner when the accident occurred.

Appeal from Ness district court; ROSCOE H. WILSON, judge. Opinion filed February 7, 1925. Reversed.

*Lorin T. Peters, and Andrew F. Schoeppel,* both of Ness City, for the appellant.

*A. W. Wilson,* of Ness City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages resulting from an automobile accident occasioned by negligence of the defendants. Charles Horchem's motion for judgment on the opening statement of counsel for plaintiff was sustained, and Harold Horchem's objection to the introduction of evidence in support of the petition was sustained. Plaintiff appeals.

Issues are made by pleadings, not by opening statements, and a trial may not be ended on plaintiff's opening statement unless some fact be stated or some admission be made which precludes recovery. (*Brashear v. Rabenstein,* 71 Kan. 455, 457, 80 Pac. 950.) An objection to introduction of evidence is merely a mode of testing sufficiency of the petition. (*Water-Supply Co. v. Dodge City,* 55 Kan. 60, 39 Pac. 219.) When attack on the sufficiency of a petition is delayed until commencement of trial, facts not stated in terms may frequently be inferred from other facts which are well pleaded (*Bailey v. Dodge,* 28 Kan. 72), and if, upon any fair construction of the petition, a cause of action be stated, the objection should be overruled. (*Glenn v. Railway Co.,* 87 Kan. 391, 393, 124 Pac. 420.) In this instance the opening statement was consistent with the petition and, while the petition might have been improved, it fairly presented facts now to be summarized.

Charles Horchem was the owner of a Buick automobile equipped with headlights and with a spotlight carried at the left side of the windshield. Harold Horchem is Charles Horchem's son. At the time of the accident Harold Horchem was twelve years of age, and was inexperienced in handling an automobile equipped with a spotlight, of which fact Charles Horchem was aware. Charles Horchem sent Harold Horchem on a trip in the automobile on business for Charles Horchem. Harold Horchem drove the automobile at a rapid rate of speed southward on a highway, with the spotlight shining down the road in front of the automobile, in the same direction as the headlights. While plaintiff was driving northward in his automobile on the same highway, the bright lights of the Buick

automobile blinded him, and caused him to drive his automobile into a cement culvert, wrecking the automobile. It may be inferred that the trip on which Harold Horchem was sent was made in the night, and that the blinding of plaintiff occurred because the rays of the spotlight fell upon him as the automobiles approached each other to pass.

The accident occurred on March 18, 1921. At that time sections 6 and 10 of chapter 65 of the Laws of 1913 were in force. They read as follows:

"SEC. 6. It shall be unlawful for any person under fourteen years of age or for any intoxicated person to operate a motor vehicle, and any owner, dealer or manufacturer of motor vehicles who permits a person under fourteen years of age or an intoxicated person to operate a motor vehicle shall be deemed guilty of a misdemeanor and shall be punished as hereinafter provided for violation of the provisions of this act.

"SEC. 10. The violation of any of the provisions of this act shall be deemed a misdemeanor punishable by a fine not exceeding fifty dollars for the first offense, and punishable by a fine of not less than fifty dollars nor more than one hundred dollars, or imprisonment not exceeding sixty days in the county jail, or by both such fine and imprisonment for each subsequent offense."

Section 6 now appears as R. S. 8-121. Section 10 was repealed by the revision of 1923, and R. S. 8-121 is now merely a regulation without penal sanction.

The purpose of the statute was, of course, general protection of persons and property from danger consequent upon operation of motor vehicles by persons incompetent to manage them. Included within this general purpose was the purpose to make travel on the public highways safer. Indeed, that was the chief purpose, because the danger sought to be avoided was more frequently encountered on public highways than elsewhere. This being true, plaintiff, as a traveler on the highway, was a member of a class which the statute was designed to protect, and may recover damages which resulted proximately from violation of the statute. (*Harrod v. Latham,* 77 Kan. 466, 470, 95 Pac. 11; *Denton v. Railway Co.,* 90 Kan. 51, 133 Pac. 558; Note, L. R. A. 1915-E, 500.) R. S. 8-122 contains the following provision:

"It is hereby made unlawful for the driver of any automobile or other motor vehicle to direct the rays of a light known as a spotlight upon an approaching vehicle upon any public highway in this state."

It can make no difference in application of this statute whether

rays of a spotlight be directed upon an approaching vehicle by manipulation of the light itself as an attachment to the automobile, or by the manner in which the automobile with light attached is operated. It is sufficient that the rays be directed upon the approaching vehicle.

It is customary to classify a breach of statutory duty resulting in injury to one to whom the duty is owed as actionable negligence. (*Gibson v. Packing Box Co.,* 85 Kan. 346, 349, 116 Pac. 502; Note, L. R. A. 1915 E, 506.) In stating a cause of action for such negligence it is not necessary to plead the statute, or to make specific reference to it. It is sufficient if facts pleaded bring plaintiff within protection of the statute. (*Fowler v. Enzenperger,* 77 Kan. 406, 409, 94 Pac. 995.)

It results from the foregoing that Harold Horchem was negligent in that he directed the rays of the spotlight attached to the passing side of the Buick automobile upon plaintiff's automobile as it approached to pass, contrary to the provisions of R. S. 8-122. Charles Horchem was negligent in that he permitted Harold Horchem to operate the Buick car contrary to the provisions of R. S. 8-121. The negligence of the defendants resulted proximately in injury to plaintiff. Since the petition alleged that Harold Horchem was driving the Buick automobile on business for Charles Horchem, Charles Horchem is also liable to plaintiff under the doctrine of *respondent superior.*

The judgment of the district court is reversed, and the cause is remanded for trial.