Argued June 17; affirmed July 28; rehearing denied
October 20, 1931

# MILLAR *v.* SEMLER
(2 P. (2d) 233, 3 P. (2d) 987)

*Robert F. Maguire* and *F. Leo Smith,* both of Portland, for appellant.

*Wm. C. Ralston,* of Portland, for respondent.

RAND, J. Plaintiff, a woman over seventy years of age, while crossing Twelfth street at its intersection with Morrison street in the city of Portland and while upon a regular pedestrian crossing, was run into and injured by an automobile belonging to defendant. The automobile was being driven by defendant's son,

who was less than sixteen years of age and was operating the automobile in violation of law. The defendant was not present at the time. This action was brought to recover damages from the defendant as owner of the automobile. Plaintiff had verdict and judgment and defendant has appealed.

Defendant assigns as error the overruling of his motions for nonsuit and for a directed verdict and the giving of an instruction to which an exception was taken.

The complaint charges negligence causing the injury both upon the part of the driver and of the defendant. The specific acts of negligence charged against the driver are that he failed to maintain a proper lookout, and cut the corner, hitting plaintiff while he was on the wrong side of the street. The charge of negligence against the defendant is that he permitted a boy under the age of sixteen years to operate his automobile on a public street in the city of Portland. By his answer, defendant admitted that he was the owner of the automobile and that it was being driven by his son, who was less than sixteen years of age, but alleged that it was being so driven without his knowledge or consent. After plaintiff had offered evidence in support of her cause of action and rested, defendant moved for an involuntary nonsuit and, upon its being overruled, rested without offering any evidence in his own behalf and moved for a directed verdict which was also overruled.

Under the former decisions of this court it is settled law in this state that proof of ownership of an automobile negligently operated and causing injury is sufficient to make a prima facie case against the owner for the injuries sustained, although such owner is not present at the time. *Houston v. Keats Auto Co.,*

85 Or. 125 (166 P. 531); *West v. Kern,* 88 Or. 247 (181 P. 413, L. R. A. 1918D, 920); *Doherty v. Hazelwood Co.,* 90 Or. 475 (175 P. 849, 177 P. 432); *Judson v. Bee Hive Auto Service Co.,* 136 Or. 1 (297 P. 1050, 74 A. L. R. 944); and by the same authorities it was held that, where the evidence of plaintiff makes a prima facie case, a motion for nonsuit must be overruled. A motion for nonsuit having been properly overruled and no other evidence having been offered in the case, the overruling of the motion for a directed verdict was also proper.

Prima facie evidence of a fact, says Mr. Justice Story, is such evidence as in judgment of law is sufficient to establish the fact, and, if not rebutted, remains sufficient for the purpose: *Crane v. Morris et al.,* 6 Pet. 598 (8 L. Ed. 514); *United States v. Wiggins,* 14 Pet. 334 (10 L. Ed. 481). Whenever evidence is offered to the jury which is in its nature prima facie or presumptive proof, its character as such ought to be disregarded; and no court has a right to direct a jury to disregard it, or to view it under any different aspect from that in which it is actually presented: *Crane v. Morris,* supra; *Lilienthal's Tobacco v. United States,* 97 U. S. 237, 268 (24 L. Ed. 901).

The instruction objected to is as follows:

"The statutes of this state provide no person less than sixteen years of age shall be permitted to drive an automobile, so that if anyone owning an automobile does permit anybody under sixteen years of age to drive it, he is guilty of negligence ipso facto, right there and then, by the fact of permitting a person under sixteen years to operate his automobile, and if any damage results he must stand the consequences, provided the person injured is not guilty of contributory negligence."

■ We are of the opinion that the instructions stated the law applicable to the facts disclosed by the evi-

dence. Section 55-303, Oregon Code 1930, makes it unlawful for any person under the age of sixteen years to operate a motor vehicle upon a public highway. There is an exception made by a proviso contained in the statute whereby special permits may be granted by the secretary of state to a child under the age of sixteen years but the driver of defendant's automobile was not within the exception, nor did he have any special permit.

■ Where a statute prohibits the operation of motor vehicles by a child of a certain age, it is in effect a legislative determination that a child of that age does not possess the judgment and discretion necessary to operate such vehicles. Although automobiles are not dangerous per se, yet in the hands of incompetent drivers they are always potentially dangerous and any ordinary person of ordinary prudence could reasonably foresee injury as likely to arise from the driving of an automobile on a public street in the city of Portland by a person under the age of sixteen years; hence, although there must be a reasonable and probable connection between the act and the accident, yet when an owner of an automobile permits a child of an age forbidden by statute to drive to operate his automobile on a public street, he makes it possible for the child to cause injury to others which could reasonably be foreseen to happen, and when such injury does happen to a person not in fault, he is liable for the results of his own negligence in permitting his automobile to be so driven. There is in such case a direct relation of cause and effect between the violation of the statute and the injury resulting therefrom: *Laubach v. Colley*, 283 Pa. 366 (129 Atl. 88); *Walker v. Klopp*, 99 Neb. 794 (157 N. W. 962, L. R. A. 1916E, 1292); *Burrell v. Horchem*, 117 Kan. 678 (232 P. 1042); *Paschall v. Sharp*, 215 Ala.

304 (110 So. 387); *Taylor v. Stewart,* 172 N. C. 203 (90 S. E. 134); 2 Berry on Automobiles (6 Ed.) sections 1328, 1492 and 1494.

■ Now, reverting to the four Oregon cases cited above, where it was held that proof of ownership of an automobile negligently operated and causing injury makes a prima facie case against the owner, it was also held, as the reason for the decision, that such proof was prima facie evidence that the person operating the automobile was the agent or servant of the owner and was operating the same with his consent. When such proof was offered, the duty devolved upon the owner to go forward with his own testimony and show, if true, that the driver was not acting for him or under his authority. That duty, in the instant case, the defendant refused to perform. He, of all persons, knew whether or not his son at the time of the accident was acting for him or was operating the automobile with or without his knowledge or consent. Of these matters plaintiff could have no knowledge of her own, and hence, under these authorities, the proof offered by plaintiff in the instant case was sufficient to establish prima facie the driver's authority or agency. The proof itself created a presumption or inference that the son was acting as the servant or agent of his father and within the scope of his employment, or else that he was operating it with the approval and consent of his father. That this was a proper inference or presumption for the jury to draw under the evidence was held in the cases referred to and that the jury did draw such inference or presumption is established by its verdict. Hence, in considering the question of whether the instruction was proper as applied to the particular facts proven, we are bound to assume in this case that the son was driving the automobile with his father's

consent at the time of the injury. Now, the son may have been operating it in transacting his father's business as agent or servant, or he may have been operating it with his father's consent on purposes of his own. If operating as the agent or servant of his father, the defendant would be liable for the damages resulting from the negligence of his son while so operating under the rule of respondeat superior. The instruction complained of, however, does not apply to liability growing out of agency or employment, but refers to liability growing out of the fact that the defendant unlawfully permitted his son, who did not possess the required statutory qualifications, to operate the automobile under circumstances liable to cause injury to others and, hence, the defendant, in permitting his son to unlawfully drive the automobile in violation of the statute, was liable for his own negligence in granting such permission and setting in operation an agency which was liable to produce injury. Upon that theory of the case, the instruction was proper and correctly stated the law applicable to it.

Defendant also contends that because it was unlawful for defendant's son to operate the automobile and for defendant to permit him to do so, the probative effect of the presumption of innocence on defendant's part was sufficient, in the absence of direct evidence that he did permit his son to operate the automobile, to overcome plaintiff's prima facie case. As said by the court in *Lilienthal's Tobacco v. United States,* 97 U. S. 237, 267 (24 L. Ed. 901):

"Innocence is presumed in a criminal case until the contrary is proved; or, in other words, reasonable doubt of guilt is in some cases of the kind ground of acquittal, where, if the probative force of the presumption of innocence were excluded, there might be a conviction; but the presumption of innocence as probative

evidence is not applicable in civil cases nor in revenue seizures, as, for example, when a railroad company is sued in damages for negligence, the issue depends upon the evidence, without any presumption of innocence or guilt, but the company is not put to defence until a prima facie case of negligence is made out by the plaintiff; but when such a case is made out, courts do not instruct juries that if there is reasonable doubt as to negligence they must find for the defendant, as such an instruction would be a plain error. Issues of the kind, however, must be proved at least prima facie; and if the defendant fails to overcome the prima facie case, the jury, if they deem it reasonable, may find for the plaintiff. 2 Whart. Evid., sect. 1245; *Gordon v. Parmelee,* 15 Gray (Mass.), 415."

■ The contention that the facts of this case bring it within the rule applicable to an unlicensed driver of an automobile, who, in case of an accidental collision, will not be liable because of his mere failure to procure a license, cannot be maintained. In the case of the unlicensed driver, where there is no proof of actionable negligence, that the driver will not be liable merely because of his failure to procure a license, is based upon the fact that there is no reasonable or probable connection between his failure to procure a license and the accident, unless some other element of negligence is present and shown to exist. The cases are not analogous and the rule has no application to the facts in the instant case. Hence, we hold that, while parents are not responsible for the torts of their children, a parent is liable if his own negligence combines with the negligence of the child and the two contribute to an injury caused by the child. From this it follows that the court did not err in giving the instruction complained of and the judgment appealed from must be affirmed.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.

Petition for rehearing denied October 20, 1931

## On Petition for Rehearing
### (3 P. (2d) 987)

RAND, J. Defendant has filed a petition for rehearing in which he first assumes that we held in our former decision that the presumption of innocence is not applicable in civil cases and then asserts that, because the presumption is applicable in civil cases, it was error for the court to hold that what would otherwise have been a prima facie case, if defendant's son had possessed the age qualifications prescribed by statute, was not a prima facie case where the proof showed that the son did not possess such qualifications and where the granting of permission by the father to the son to operate the automobile would be a violation of the statute.

■■■■ We did not hold that the presumption of innocence is not applicable in civil cases. The presumption of innocence is applicable in both civil and criminal cases. The only difference between the two is the degree of proof required to overcome the presumption. In criminal cases the evidence must be sufficient to establish the guilt of the accused beyond a reasonable doubt. That requirement does not exist in civil cases. The excerpt which we quoted from a decision of the Supreme Court of the United States pointed out, as we attempted to do in our former opinion, that when a prima facie case has once been established there is no presumption of innocence left in the case for that presumption must have been overcome or else the case would not be a prima facie case. It has been the established law in this state that proof of ownership of an automobile negligently operated causing injury is sufficient to make a prima facie case against the

owner for injuries sustained although such owner is not present at the time. Obviously, no case can properly be termed a prima facie case if, at the same time and without introduction of any other proof, it can be overturned and its effect destroyed by an inference or presumption. Before any case can be held to be a prima facie case every inference and presumption must have been overcome; otherwise, the term itself would be a misnomer. It would be a contradiction in terms to say that after plaintiff has established a prima facie case and while it exists it is at the same time overthrown and destroyed without any other evidence being offered by a mere inference or presumption. The term "prima facie case" was defined in *Doherty v. Hazelwood Co.*, 90 Or. 475 (175 P. 849, 177 P. 432), as follows:

"A prima facie case is that state of facts which entitles the party to have the case go to the jury; 6 Words & Phrases, [First Series] 5549. Whenever, therefore, it is determined that a plaintiff has made a prima facie case, it has passed beyond the power of the court to withdraw the case from the jury."

In defining a prima facie case, various definitions have been collected from the cases in 49 C. J., at page 1346, among which are the following:

"* * * that amount of evidence which would be sufficient to counterbalance the general presumption of innocence, and warrant a conviction, if not encountered and controlled by evidence tending to contradict it, and render it improbable, or to prove facts inconsistent with it; that which is received or continues until the contrary is shown."

The statute defines a presumption as "a deduction which the law expressly directs to be made from particular facts": Section 9-803, Oregon Code 1930. It

also provides that: "A presumption, unless declared by law to be conclusive, may be overcome by other evidence, direct or indirect; but unless so overcome, the jury are bound to find according to the presumption": Section 9-805, Oregon Code 1930.

By a long involved and not very clear process of reasoning, the defendant seems to contend that, because the driver in the instant case was under the age of sixteen years and the father could not lawfully permit him to operate his automobile, the evidence failed to establish a prima facie case and, therefore, the presumption must be indulged in favor of defendant. In *Houston v. Keats Auto Co.,* 85 Or. 125 (166 P. 531) where the rule controlling the facts proven in the instant case seems to have been first recognized and followed by this court, Mr. Justice McCamant, speaking for the court, said:

"Where plaintiff proves that the vehicle which caused the damage belonged to the defendant, the jury is entitled to infer that the driver was defendant's servant and that the vehicle was being used for defendant's purposes. The principle is thus stated in 1 Sherman and Redfield on Negligence, 6th ed., section 158: 'When the plaintiff has suffered injury from the negligent management of a vehicle, such as a boat, car or carriage, it is sufficient prima facie evidence that the negligence was imputable to the defendant, to show that he was the owner of the thing, without proving affirmatively that the person in charge was the defendant's servant. It lies with the defendant to show that the person in charge was not his servant, leaving him to show, if he can, that the property was not under his control at the time, and that the accident was occasioned by the fault of a stranger, an independent contractor, or other person, for whose negligence the owner would not be answerable.' "

Then after citing a long list of cases in support of the principle announced, the court said:

"These authorities proceed on the theory that the facts are peculiarly within the defendant's knowledge and if the vehicle is not in use for the defendant's purposes he can readily furnish the necessary proof. The admission of ownership made by the defendants in the case at bar was therefore sufficient to make out a prima facie case on the controverted questions."

It is well settled that the parent may make the child his servant or agent and this, as in the case of other persons, may be done expressly or be inferred from the conduct of the parent, and when the relation of master and servant or principal and agent is created between a parent and his child, the parent is responsible to third parties for the negligence of the child while such child is acting in the course of his employment and engaged in the business of the parent: 1 Meachem on Agency (2d Ed.), section 156, and cases cited.

We can conceive of no reason for holding that the prima facie case established by plaintiff's evidence in the case at bar is in any way affected by the relationship of the defendants to each other, or the age of the child.

Petition for rehearing will, therefore, be denied.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.