No. 15,176.

KIRKPATRICK *v.* McCARTY.
(152 P. [2d] 994)

Decided October 23, 1944.

Mr. GEORGE M. GIBSON, Mr. THOMAS I. PURCELL, for plaintiff in error.

Messrs. FOARD BROTHERS, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS case arises out of an automobile accident in which David Lynn Kirkpatrick, a five year old child, was severely injured when he was struck by a car driven by another minor, Blakemore McCarty, son of defendant in error. David is represented by his father as plaintiff in error. The suit below was against both of the McCartys. At the close of the evidence, counsel for defendants moved for a directed verdict and the motion was sustained as to the father, but the case was submitted to the jury as to the son, the driver of the car, following which a verdict was returned against the son. The father is the sole defendant in error.

Defendant in error operated a filling station in Manitou, and resided nearby. On some occasions his son Blakemore, who attended high school, had assisted in the work around the station, but he had never been regularly employed. On Saturday morning, February 4, 1939, the father requested Blakemore to take some money to the bank for deposit.

After depositing the money in the bank, Blakemore stopped at a confectionery store where his friend, Wayne Walk, was employed. Wayne drove, and had possession of, a car owned by his father. On the morning in question, Wayne had stopped at the McCarty home on his way to work for a little visit, as had been his custom. It is not clear from the record that he had the car with him at that time, but it is disclosed that the car was parked in front of the store at the time Blakemore called later in the morning after depositing the money. Blakemore at that time asked Wayne's premission to take the car down to his father's station for the purpose of polishing it. Wayne agreed, and Blakemore drove it to the station where he started the polishing job. However, after finishing the hood, he decided to drive the car over to the home of a young lady, which was in the opposite direction to that of the bank. It was

while he was on his way there that he drove the car into and injured the Kirkpatrick boy.

The court found Blakemore guilty of negligence, the amount of damages in the sum of $3,000 being determined by a jury. As to that judgment we are not concerned, the only question being "the correctness of the direction of the verdict in favor of defendant in error and against plaintiff in error."

We quote the following testimony most favorable to the plaintiff. It is an alleged conversation had between David's mother and Blakemore: "He [Blakemore] told me that his father had sent him to the bank to get some change, it being Saturday and the next day Sunday they wanted some change to carry at the filling station that his father run, and that he was sent to the bank to get change for the father, and having this car, he took advantage of the opportunity to go on up and see a girl friend." However, there is no proof therein that defendant in error knew that his son had taken Wayne's car, much less that he told the boy to use it; nor is there proof that he used the car to take the money to the bank.

It is admitted that Blakemore had no state driver's license at the time of the accident. The record discloses that his father had taught him to drive, but was always with him.

Both McCarty and his son stated that the father did not know, until after the accident, that Blakemore had driven the car on that morning. It is undisputed that there was no work done on the car at the filling station for which any charge was made, and the polish that was used was owned by Wayne. Blakemore did not have permission from Wayne to drive the car, except to the filling station for the purpose of polishing it.

Concerning the elder McCarty's knowledge that his son had the car, Mrs. Kirkpatrick stated: "I gathered that he knew that Blakemore had the car." This is a mere conclusion not supported by the record. The other

testimony indicating that Blakemore might have driven the car to the bank is, that a "Bank of Manitou" bank book allegedly was seen on the seat of the car after the accident, but no proof was offered that the book belonged to McCarty.

The complaint in this case is grounded on the alleged fact that Blakemore was his father's employee, and that the injury was received by the Kirkpatrick boy while Blakemore was serving in the course of his employment.

The only question presented for our determination is, Did the trial court commit error in directing a verdict in favor of the elder McCarty? We think it did not. Even assuming that the agency was established, which we very seriously doubt, Blakemore was acting outside of his authority when he "took advantage of the opportunity to go up and see a girl friend," something which clearly was outside of the scope of the alleged agency.

It may be conceded that defendant in error had on other occasions permitted the son to drive a car, but before liability would attach in the present case it was necessary that it be shown that the elder McCarty caused, or knowingly permitted, the son to drive this car. (Section 153, chapter 16, '35 C.S.A.) No evidence in this record justifies any such conclusion. In *Miller v. Semler*, 137 Ore. 610, 2 P. (2d) 233, the principal case relied upon by plaintiff in error, the Oregon court held that it was proper to overrule the motion for a directed verdict in the father's behalf because proof of ownership, which was admitted, raised a presumption, "that the son was acting as the servant or agent of his father and within the scope of his employment." In the present case, there is no suggestion that the car driven by Blakemore was even under any control of defendant in error.

The only Colorado case upon which plaintiff in error relies to impose liability upon the father, is that of *Marron v. Helmecke*, 100 Colo. 364, 67 P. (2d) 1034. We think that case is authority for holding nonliability of defendant in error in the case before us, because therein

we quoted and followed the rule that where an agent steps aside from the principal's business to do an act not connected with the business, the relationship is suspended and the principal is not liable.

■ Counsel for plaintiff in error concede that a parent is not liable for the torts of his child (*Miller v. Semler, supra*), and we think that is the situation here. In other words, it is comparable to a situation which would exist had the son stolen the car which caused the injury of which complaint is made.

Our conclusion is, that the trial court acted properly in directing a verdict for defendant in error.

Judgment affirmed.

MR. JUSTICE BURKE and MR. JUSTICE HILLIARD concur.