**WATSON, Plaintiff-Appellant, v OSBORN, et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21098. Decided July 6, 1948.

P. Jerome Pasch, Cleveland, for plaintiff-appellant.

Schweid, Snyder, Torbet & Zucker, Cleveland, for defendants-appellees.

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment entered for the defendants, Harry O. Osborn and Mary Osborn and against the plaintiff appellant in the common pleas court of Cuyahoga county.

The accident which is the subject of this action occurred at the intersection of North Moreland Boulevard, Kemper Road and North Woodland Road, also known as Larchmere Boulevard, in the City of Shaker Heights, Ohio. North Moreland Boulevard runs in a general northerly and southerly direction; North Woodland Road, or Larchmere Boulevard, in an easterly and westerly direction; and Kemper Road in a southeasterly and northeasterly direction. In the center of this three-street intersection is a traffic control signal light placed in a concrete standard. The accident happened on Sept. 8, 1947 at about 9 o'clock P. M.

The appellant alleges in her second amended petition that she was a passenger in an automobile being driven by her son in a southerly direction on North Moreland Boulevard. The defendant, Mary Osborn was driving her father's car (the father, who was then and there riding with his daughter, being the other defendant) in a southerly direction on North Moreland Boulevard and drove into the intersection when the traffic control signal light was green or 'go' for North Moreland Blvd. traffic. When she got to a point just immediately past the traffic signal light she made a left-hand turn to go northwest into Kemper Road. At the same time the automobile in which plaintiff was riding had entered the intersection and as the defendant, Mary Osborn, turned into the path of the south-bound automobile they came into collision and as a proximate result the plaintiff claims to have been injured.

The plaintiff alleges in her petition that the defendant, Mary Osborn was negligent in failing to yield the right of way as provided by Section A-33 of the Traffic Ordinances of the City of Shaker Heights and in failing to exercise due care in the operation of said automobile in violation of Section A-13 of the Traffic Ordinances of the City of Shaker Heights and in violation of Section 6307-20 and 6307-40 of the Traffic Code of the State of Ohio.

In the first cause of action of plaintiff's second amended petition among the allegations she alleges:

"The defendant Mary Osborn is the daughter of the defendant Harry O. Osborn. At the time herein mentioned the defendant Harry O. Osborn was riding with his daughter, the said Mary Osborn. Plaintiff believes and hence avers the fact to be that at the time of the occurrence of the event related herein the defendants were engaged in the pursuit of some business, or pleasure venture common to both of said defendants, which they, and each of them, pursued, and in which they both, and each of them, participated.

Plaintiff further avers that during all times mentioned herein, the defendant, Mary Osborn, acted for and in behalf of the defendant, Harry O. Osborn, and that the negligent acts herein set forth, in legal intendment, constituted the joint and concurrent acts of both defendants and that the defendant, Harry O. Osborn personally participated in the wrongful acts complained of."

The plaintiff's second amended petition alleged in the second cause of action that the defendant, Mary Osborn, was not licensed to drive an automobile as provided by §6296-4 GC, and that the defendant, Harry O. Osborn the owner of said automobile, unlawfully and knowingly permitted his said daughter to operate said automobile knowing that she was not licensed and therefore incompetent as an operator under the laws of the State and in violation of §6296-28 GC, which negligent conduct on his part was a proximate cause of plaintiff's injuries. That the defendant thereby placed a dangerous instrument, to-wit, an automobile in the hands and custody of one prohibited by law from operating such automobile, and that by such act he participated in the negligent conduct of his daughter.

The defendant filed a motion to strike the second cause of action of the second amended petition, which motion the trial court treated as a demurrer, and upon consideration sustained the demurrer and gave leave to plaintiff to plead to April 24, 1948. Thereafter the following entry appears:

"Demurrer by Harry O. Osborn to the second cause of action of plaintiff's petition having been sustained and the plaintiff not desiring to plead further as heretofore ordered by the court action is dismissed and judgment entered for defendants for their costs."

To this judgment the plaintiff's appeal on questions of law is directed. The errors complained of are as follows:

1. In sustaining the demurrer of defendant, Harry O. Osborn to the second cause of action.

2. In rendering judgment against the plaintiff appellant.

The entering of judgment in favor of both defendants on both causes of action is clearly erroneous. The plaintiff's petition in the first cause of action on its face states a cause of action against both defendants which is not in any way challenged by the defendants by the "motion to strike" of the defendant, Harry O. Osborn to the second cause of action. The leave to plead, after sustaining such motion, was given as to the second cause of action and failure to plead within the time fixed in no way affected the plaintiff's rights against both defendants on her first cause of action. The final judgment entered for both defendants on both causes of action was therefore erroneous.

Coming now to the question of whether or not the facts alleged by the plaintiff in her second cause of action of her second amended petition are sufficient to constitute a cause of action against the defendant Harry O. Osborn.

Sec. 6296-4 GC provides:

"License required as operator or chauffeur. No person except those expressly exempted under §§5, 6, and 8 (§§6296-5, 6296-6 and 6296-8 GC) of this act shall drive any motor vehicle upon a highway in this state unless such person, upon application, has been licensed as an operator or chauffeur by the registrar under the provisions of this act."

Neither of the defendants come within the provisions of paragraphs 5, 6 or 8 referred to in the foregoing section.

Sec. 6296-28 GC provides as follows:

"Owner of motor vehicle shall not authorize another to operate same: No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or in violation of any of the provisions of this act."

Sec. 6296-30, parag. (d) GC reads as follows:

"Unless another penalty is in this act or by the laws of this state provided, every person convicted of a misdemeanor for the violation of any provisions of this act shall be punished by a fine of not more than five hundred dollars or by imprisonment of not more than six months or by both such fine and imprisonment."

We are met squarely with the question as to whether under the foregoing sections it can be said that there is created a legal causal relation between the acts of an automobile owner who knowingly permits his daughter (who has not been licensed to drive a motor vehicle in Ohio) to drive on the public thoroughfares of Ohio if while so driving her negligence causes injury to another.

In 36 A. L. R. under the title "owner's liability to one to whom car is loaned," page 1162-c, the author says:

"Generally, as to civil liability as affected by failure to comply with regulations as to registration of automobile or licensing of operator, See Annotations 16 A. L. R. 1108."

"In several cases it has been held that an owner who lends an automobile to a person who is forbidden by statute to operate automobiles on public highways is liable for the negligence of the borrower in the operation of the automobile."

Crittenden v Murphy (1918) 36 Cal. App. 803, 173 Pac. 595.
Burrell v Horchim, (1925) 232 Pac. 1042.
Walker v Klapp, (1916) 99 Neb. 794.
Schultz v Morrison, (1915) 154 N. Y. Supp. 257.

In Berry on Automobiles (7th Ed) page 260, parag. 2:263, the rule is stated as follows:

"It has been held by the courts of California that where an examination is required to test the competency of an applicant before the issuance of an operator's license and it is provided by statute that no one shall knowingly permit his motor vehicle to be driven by an unlicensed person, a showing that an automobile owner permitted his machine to be driven by one having no license makes out a prima facie case

against him in favor of one sustaining injuries through the negligence of the unlicensed driver."

In the case of Owens v Carmichael, U-Drive Automobile Inc., 116 Cal. App. 348 (1931) the rental agency rented the automobile to one who had only a temporary driving license permitting him to drive only when accompanied by a licensed driver. After testing his competency, by having him back the car up and down the floor a few times, he was permitted to rent the car.

The court held that the question of the agency's negligence rendering it liable for the negligent operation of the car by the bailee, was for the jury.

In Cyclopedia of Automobile Law & Practice, Vol. 5, page 61, parag. 2925, under the title "Unlicensed person driving" the author says:

"The fact that an owner permits an unlicensed person to drive his automobile will not subject the owner to liability on the theory that he has permitted the use of the car by an unskillful operator, but under a statute requiring licenses for the protection of the public by confining the right to drive to qualified persons and forbidding owners to allow unlicensed persons to operate their automobiles, a violation is evidence bearing on the owner's negligence, and where an examination is required to test the competency of the applicant before the issuance of a license and it is provided by statute that no person shall knowingly permit his automobile to be driven by an unlicensed person, a violation of the statute makes a prima facie case against the owner in favor of one injured through the negligence of the unlicensed driver."

The purpose of the statute forbidding the operation of a motor vehicle by a driver who has not been licensed, and making it unlawful for an owner to permit an unlicensed operator to drive his automobile on the public highways of the state, is to protect the highway users of the state from the dangers resulting from the conduct of incompetent drivers.

Before a license can be obtained, the driver must show by written examination, and actual driving tests, that he is capable of conducting himself safely while driving on the public highways. So that where an owner permits an unlicensed driver to drive his automobile on the public highways, such fact is evidence of negligence on the part of the owner which, if established, as a proximate cause of plaintiff's injuries caused

by the negligence of such unlicensed operator, would give him, the plaintiff, a right to recover his damages from such owner.

The facts pleaded in the second cause of action of the second amended petition come clearly within the rule as thus stated.

The judgment of the common pleas court is therefore reversed and cause remanded with instructions to overrule the demurrer (motion to strike) and for further proceedings according to law. Exc. Order See Journal.

HURD, PJ, MORGAN, J, concur.