No. 28,449.

G. E. PURKEYPYLE, *Appellee*, v. SCHOOL DISTRICT No. 101, *Appellant*.

(275 Pac. 146.)

Opinion filed March 9, 1929.

*F. S. Jackson, James E. Smith,* both of Topeka, and *T. C. Forbes,* of Eureka, for the appellant.

*Joseph A. Fuller,* of Wichita, and *J. F. Darby,* of Eureka, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The only question involved in this action is whether or not the children of the plaintiff live three or more miles, by the usually traveled road, from the school they attend. The

trial court found they lived more than three miles from the school, and rendered judgment for the plaintiff and against the defendant school district for $200 as compensation for the conveyance of them to the school. From this finding and judgment the school district appeals on the sole question of distance, the controversy being over the correct starting and concluding points of the measurement.

The appellant contends that a reasonable, fair and practical construction of the statute requires the measurement to be along the usually traveled road from a point in the center thereof in front of the residence of the children conveyed to a similar point in front of the schoolhouse where the children attend, which is conceded to be less than three miles. The distance from the door of the residence by the usually traveled road, as far as possible, to the door of the schoolhouse is conceded to be more than three miles.

R. S. 72-601 is the section under which this compensation is allowed and the portion of it which requires construction and application in this case is as follows:

"Said district board shall provide such transportation for pupils who live three or more miles, by the usually traveled road, from the school attended; or, in lieu thereof, said board shall allow, as compensation for the conveyance of pupils to and from the school to the parent or guardian of any pupils living three or more miles from the school attended, a sum not less than fifteen cents per day."

Appellant insists that by the use of the words "by the usually traveled road" the legislature necessarily referred to the distance on and over such road, and supports this contention by reference to the provision immediately preceding this language, where the district may provide such transportation by bus or otherwise, and if it did so furnish transportation it would only be from the center of the road in front of the door of the residence to a point in the road in front of the schoolhouse door, arguing that the remaining distance, whether short or long, would have to be covered by the pupils by walking or otherwise. In the same connection it is said that if the bus did not come nearer to the residence than the crossroads the children would only be transported from such crossroads. The starting and stopping points for transportation by a public bus would be matters of convenience only, and certainly not determinative of distance. If it only came to the crossroads it might or might not meet the requirement of the statute. The expression, "by the

usually traveled road," means to distinguish between such road and any other road that may sometimes or occasionally be traveled, and does not mean that the entire distance must be traveled on such road if the road doesn't go the entire distance or connect the two places. One of the measurements submitted in the evidence was by vehicle transportation from door to door, each end of which being over a private driveway, and it was more than three miles.

The statute provides transportation or compensation in lieu thereof for pupils who live three or more miles from the school attended. Where do these pupils live? Certainly not in the middle of the road; neither do they attend school in the center of the road in front of the schoolhouse. Another measurement submitted was from gate to gate. It can as truthfully be stated that they do not live at the front gate nor attend school at the gate. Children live in the house which they call their residence, and that may be in the center of a cattle ranch or pasture, a half mile or more from the public highway, and there is no good reason for not measuring that distance over a private driveway or private walk if it is the usually traveled road from that house to the school.

We have examined all the citations of the appellant on the question of reasonable construction, and agree with all of them, but think the reasonable construction of the statute here under consideration requires such measurement to be from the house where the pupils live to the school where they attend, and such entire distance to be by the usually traveled road between the two places. There is a usually traveled road from every private dwelling to the public highway, although the travel over it may be limited to the family; it is for them such a road nevertheless.

No specific authorities as to points of beginning and ending such measurements have been cited by either appellant or appellee, nor have they referred to any explicit precedent, but both parties urge a determination to be based upon a reasonable construction of the statute involved. We have no hesitancy in concluding that the evident intent of the legislature in this enactment was the actual distance from the residence to the schoolhouse by the usually traveled road and that the language of the statute does not justify the conclusion by reference to the road that the distance was to be limited to that which was over or along some public highway.

The judgment is affirmed.