No. 30,533.

C. M. HILDEBRAND, *Appellee*, v. SCHOOL DISTRICT No. 59, IN
TREGO COUNTY, *Appellant*.

(15 P. 2d 412.)

Opinion filed November 5, 1932.

*W. L. Sayers,* of Hill City, and *John R. Parsons,* of Wakeeney, for the appellant.

*W. H. Wagner,* of Wakeeney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by plaintiff, a parent, to recover from the school district statutory compensation for transporting plaintiff's children to and from school. Plaintiff recovered part of the amount claimed to be due him, and both parties appeal.

The statute, which was interpreted in the opinion in the case of *Purkeypyle v. School District,* 127 Kan. 751, 275 Pac. 146, reads as follows:

"The district board of any school district may provide for the comfortable transportation, in a safe and inclosed conveyance or conveyances, properly heated, of pupils of said school districts who live two or more miles, by the usually traveled road, from the school attended; and said district board shall provide such transportation for pupils who live three or more miles, by the usually traveled road, from the school attended; or, in lieu thereof, said board shall allow, as compensation for the conveyance of pupils to and from the school to the parent or guardian of any pupils living three or more miles from

the school attended, a sum not less than fifteen cents per day: . . ." (R. S. 72-601.)

Two questions of fact were presented: First, What was the usually traveled road from the place where plaintiff's children lived to the school attended? And second, What was the distance by that road between the two places? The proof was abundant that the distance by the usually traveled road was more than three miles, and the jury made special findings accordingly.

An instruction to the jury requested by defendant and refused by the court was sufficiently covered by an instruction given; but, besides that, the fact foundation for the requested instruction was eliminated by a special finding of the jury. A motion for judgment for defendant on the special findings and the evidence was properly denied. Defendant's motion for a new trial was properly denied, and defendant's appeal is without merit.

The automobile in which the children were transported was owned by plaintiff, and was operated part of the time by plaintiff, and part of the time, with plaintiff's permission, by one of the children, a son, under the age of fourteen years. R. S. 8-121 reads as follows:

"It shall be unlawful for any person under fourteen years of age or for any intoxicated person to operate a motor vehicle, and any owner, dealer or manufacturer of motor vehicles who permits a person under fourteen years of age or an intoxicated person to operate a motor vehicle shall be deemed guilty of a misdemeanor and shall be punished as hereinafter provided for violation of the provisions of this act."

The court allowed plaintiff for the time he drove the automobile, but refused to allow plaintiff for the time the son drove the automobile, on the ground performance by plaintiff was illegal.

The section providing punishment for violation of R. S. 8-121 was repealed, and the section is a traffic regulation without penal sanction. (Burrell v. Horchem, 117 Kan. 678, 680, 232 Pac. 1042.) The result would be the same if violation of the section constituted a misdemeanor, because the school district's defense goes to a matter independent of and collateral to the contract and not to the contract itself.

The legislature required the school district to transport plaintiff's children, or, in lieu of transportation by the district, to pay plaintiff for transporting them. Transportation by plaintiff was the consideration for the obligation of the district to pay. That considera-

tion was free from any taint of illegality, and the principle that no action can be maintained to enforce a contract made in violation of law, or to enforce a contract to do an act in violation of law, has no application. The fact that plaintiff wrongfully employed an unlicensed or otherwise disqualified driver had no bearing on the legality of the contractual relation between plaintiff and the school district. If, when plaintiff himself was doing the driving, he continually violated traffic regulations, or, for example, continually transported liquor, he might be made to suffer the penalty for his misconduct, but he would forfeit nothing to the school district.

The judgment of the district court in favor of plaintiff is modified by adding to it the sum of $103.50. As modified, the judgment is affirmed.